(December 17, 1894.)

## CREER v. CACHE VALLEY CANAL COMPANY.
### [38 Pac. 653.]

LABORER'S LIEN—IS ENTITLED TO LIEN FOR LABOR PERFORMED ON CANAL.—A party constructing a branch or section of a main canal, or performing labor thereon in its construction under a contract with the owner, is entitled to a lien upon such branch or section for any balance due him for such labor.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

R. H. Whipple, for Appellant.

"The court erred in holding that a detached portion or part of a structure can be sold under execution to enforce a mechanic's lien; or that part only of a structure is subject to coercive sale." To sustain the contention would leave the reservoirs, the remainder of the canals (ten miles), the franchise and water rights not covered by plaintiffs' lien, if not absolutely, nearly valueless; besides, when sold, the purchaser has bought something that can be of no use to him. I claim that such proceeding is not only against public policy, but is not law. (Jones on Liens, secs. 1619, 1620; *Dano v. M. & O. R. R. Co.*, 27 Ark. 546; *Knap v. St. Louis etc. Ry. Co.*, 74 Mo. 374; *Cox v. West Pac. Ry. Co.*, 44 Cal. 18; *Graham v. Mt. Sterling Coal Road Co.*, 77 Ky. (14 Bush) 425, 29 Am. Rep. 412; *Shunberg v. Memphis etc. Ry. Co.*, 67 Mo. 442; *Granston v. Union Trust Co.*, 75 Mo. 29; *Equitable Life Ins. Co. v. Slye*, 45 Iowa, 615; *Williams v. Mountain Gold Min. Co.*, 102 Cal. 134, 34 Pac. 702, 36 Pac. 388; *Midland Ry. Co. v. Wilcox*, 122 Ind. 84, 23 N. E. 506; 7 Am. & Eng. R. R. Cas. 394; *Farmers' Loan & Trust Co. v. Candler*, 87 Ga. 241, 13 S. E. 560; *Nelson v. Eastern Iowa Ry. Co.*, 44 Iowa, 71.)

Stewart & Dietrich, for Respondents.

Neither the mechanic's lien law of Idaho nor any lien law is "strictly construed" in the sense in which counsel uses the phrase. (See Idaho Rev. Stats., sec. 4.) This section is mandatory. (*Blackfoot Stock Co. v. Delamue*, 3 Iowa, 291, 29 Pac. 97; *Malter v. Falcon Min. Co.*, 18 Nev. 209, 2 Pac. 50; *Greeley etc. R. Co. v. Harris*, 12 Colo. 316, 20 Pac. 766.) "A substantial compliance is all that is required." (*Hagman v. Williams*, 88 Cal. 146, 25 Pac. 1112; *Tredinnick v. Mining Co.*, 72 Cal. 78, 13 Pac. 153; *Malone v. Gravel Co.*, 76 Cal. 578, 18 Pac. 774; *Jewell v. McKay*, 82 Cal. 144, 23 Pac. 139; *Dugan Cut Stone Co. v. Gray*, 114 Mo. 497, 21 S. W. 854, 35 Am. St. Rep. 767, and note; *White Lake Lumber Co. v. Russell*, 22 Neb. 126, 3 Am. St. Rep. 262, 34 N. W. 104.) The water and irrigation company will not be heard to say that the lien did not attach to the ditch which the parties who constructed it brought.

into existence. The law will not permit the company to say, "We have the property that your labor created and gave us, but we will not compensate you for it, or concede your lien to secure its payment." (*Garland v. Irrigation Co.,* 9 Utah, 350, 34 Pac. 368; *Lyon v. McGuffey,* 4 Pa. St. 126, 45 Am. Dec. 676; *Stoner v. Neff,* 50 Pa. St. 261; Rev. Stats., secs. 5125, 5128; *McGreary v. Osborne,* 9 Cal. 121.)

Suit by William O. Creer and others against the Cache Valley Canal Company and others for a balance claimed to be due for work and labor done by them in the construction of two canals for the defendant, the Cache Valley Canal Company, and for a first lien upon said canal to secure said claim. Decree in the court below gave plaintiffs judgment for the amount claimed, and first lien upon the canal to secure the sum, and defendants appeal. Affirmed.

The stipulation of facts agreed upon in this case shows: That the Cache Valley Canal Company, on or about the first day of May, 1892, constructed a main canal running from Soda Springs, along the Oregon Short Line Railroad, to the northeast quarter of section 1, in township 9 south, of range 40 east, P. M., and about four and one-half miles of the south branch of said canal—in all, about fourteen miles. On the eighteenth day of June, 1892, the Cache Valley Canal Company executed a mortgage to James Thompson for the sum of $25,000 upon all the canals thus constructed, and upon those to be thereafter constructed. That the money so obtained by said mortgage was used in the construction of said canals, including that part on which the plaintiffs now claim a lien. On the eleventh day of July, 1892, the plaintiffs made a contract with the Cache Valley Canal Company, by the terms of which the said plaintiffs were to construct what is called the "north branch" of the said canal, for which they were to receive a certain stipulated price. They also agreed to construct what was termed the "south branch and laterals" of said company's canal for a certain other stipulated sum. That the said plaintiffs fully performed their contract as before set forth, and completed said work on the twenty-seventh day of

October, 1892. It is also stipulated that, if the plaintiffs are
entitled to recover at all, the amount claimed in the complaint,
and interest as claimed, is the amount that should be allowed;
that the lands whereon the said canal was constructed were
then public lands of the United States, with the exception of
three-quarter sections; that at all times mentioned in the com-
plaint, as fast as the said canals were constructed by the plain-
tiffs, as alleged in the complaint, the defendant, the Cache
Valley Canal Company, was the owner thereof; that in No-
vember, 1892, the said Cache Valley Canal Company sold and
transferred all said canals right of way, as far as said com-
pany had acquired it, to the Cache Valley Land and Canal Com-
pany; that in April, 1893, the said last-named company ac-
quired the right of way over all the public lands where its
canal was constructed; that the plaintiffs herein were original
contractors under the contract sued on; that notice of lien was
by the plaintiffs filed in the office of the recorder of Bingham
county, where said canal is situated, at 11 o'clock A. M., No-
vember 25, 1892.

MORGAN, J. (After Stating the Facts.)—This appeal ex-
hibits a most extraordinary state of facts. It is stipulated that
the defendants owe the plaintiffs the sum demanded in their
complaint, with interest thereon. It further appears from the
record that quite a large part of the property upon which this
lien is claimed, and upon which the said James Thompson
claims to have a mortgage, which he wishes the court to de-
clare to be a prior lien to that of the plaintiffs, had no ex-
istence whatever when this said mortgage was given. That
the plaintiffs constructed the whole of the north and south
branches of said canal after this mortgage was given, except
about four and one-half miles, which they had constructed be-
fore. The plaintiffs actually created this property which made
the mortgage of the said Thompson, who is the appellant in
this case, good; that is, the north and south branches of the
canal were not built—had no existence—when the mortgage was
given. That they were built by said plaintiffs, for which con-

struction they have not been paid, except in part. And this suit is brought to secure the balance of the money that the defendants acknowledge is due plaintiffs for said work; and this court is asked to assist in preventing the plaintiffs securing their pay, on technical objections, that are themselves without foundation. This appeal has no merit whatever.

The first assignment of error is that the court erred in holding that the notice of lien filed by plaintiffs, and made a part of the complaint, is insufficient, under the statutes of Idaho. We have carefully examined the notice of lien, and think it is entirely sufficient under the laws of this state. The notice states that the Cache Valley Canal Company is the name of the owner, and is the reputed owner, of said premises, which were before described, and caused the said canals to be constructed and excavated. And this substantially states the contract by the terms of which the canal was constructed. This disposes of the first and second citations of error.

As to the third citation of error, the court below does not hold that the notice filed by plaintiffs charges or claims a lien upon land or right of way, and the notice does not so claim or charge, nor does the statute require that it should so charge or claim. Section 5130 of the Revised Statutes of Idaho sets forth what the notice must contain. This, among other things, requires the notice to contain a description of the property to be charged with the lien, and the statute gives the lien (section 5125) ; and section 5128 extends the lien to so much of the land around the structure as may be necessary for the convenient use and occupation thereof.

The fourth specification is that the court erred in holding that the canal and right of way could or can be sold separate from the franchise, etc. The court below did not so hold.

The attorney for the appellants practically abandoned all his specifications of error, except the seventh, which is that the court erred in holding that a detached portion or part of a structure can be sold under execution to enforce a mechanic's lien. In other words, the appellants claim that if the plaintiffs had asked a lien upon the whole system of canals they

might have obtained it, complaining that the plaintiffs did not
ask of the court all they were entitled to and therefore they
should not have a lien upon any part of the canal.   The ap-
pellants demand that the case should be reversed because the
plaintiffs did not claim all they should have.   The appellants
can hardly be heard in such a complaint.   But is the position
itself tenable?   The north and south branches of the Cache
Valley Company's canal are, as appears by the record, separate
and distinct pieces of property—each a number of miles in
length, partly supplied with water from reservoirs, and partly
from the main canal above them.   The contract was made by
the company with the plaintiffs to construct these branches
separate and apart from the main canal—the north branch
wholly, and all of the south branch except about four and one-
half miles, which had been constructed before this contract
was made.   They are distinct pieces of property, although a
part of the system of canals belonging to this company.   All
the work for which plaintiffs claim this lien was done on these
branches, and under a contract to construct these branches,
which does not mention the main canal.   This had been there-
tofore constructed.   We think this lien can be obtained upon
this part of the system.   The Cache Valley Canal Company, in
its answer, alleges that the plaintiffs agreed to build and con-
struct two certain branches or ditches, calls them "canals or
ditches" throughout the answer, and gives no notice that it
owns or did own any other canal.   No other property than that
described in the notice is hinted at in the answer.   The defend-
ants themselves considered them independent pieces of prop-
erty, as appears by the contract for their construction, and the
answer to the complaint.   But, if not entirely independent, this
lien would attach to the property constructed by these plaintiffs,
and it is so held in *Hill v. Railroad Co.,* 11 Wis. 225.   (Phillips
on Mechanics' Liens, sec. 182.)   These branches do not be-
come part of the system until fully constructed, and the lien
thereon for the work done discharged.   A careful examination
of the cases cited by both counsel for the defendants and for
plaintiffs will disclose the fact that where a mechanic has

asked for a lien upon the entire property for work upon a part his claim has been allowed, and where he asked for a lien upon a distinct part that has been also allowed. In either case the law has been construed liberally in favor of the party asking the lien.

These are all the specifications deemed necessary to notice. Judgment of the court below is affirmed, with costs awarded to respondents.

Huston, C. J., and Sullivan, J., concur.