(May 25, 1908.)

N. C. NAYLOR and CHARLES NORLIN, Copartners Engaged in Business Under the Firm Name and Style of NAYLOR & NORLIN, Respondents, v. THE LEWISTON & SOUTHEASTERN ELECTRIC RAILWAY COMPANY, LIMITED, a Corporation, and THE COMMERCIAL TRUST COMPANY, a Corporation, Appellants.

[96 Pac. 573.]

MOTION FOR NEW TRIAL—SERVICE OF NOTICE—SUFFICIENCY OF COMPLAINT—MECHANIC'S LIEN—ACCOUNT STATED—INTEREST COVERED BY LIEN.

1. Under secs. 4443 and 4820, Rev. Stat., the notice of intention to move for a new trial is not made a part of the record on appeal, and it is not necessary that the record show service of the same.

2. If, however, a notice of intention to move for a new trial has not been served, or the same is imperfect in any way, it is the duty of the respondent to make whatever objection is sought to be urged against the same, at the time the statement is settled or the motion for a new trial is heard, and have his objection noted and incorporated in a statement or bill of exceptions. A failure to make such objection at that time will presume the notice to be sufficient and preclude the respondent from making such objection in this court for the first time.

3. An objection that the complaint does not state facts sufficient to constitute a cause of action cannot be reviewed upon an appeal from an order denying a new trial.

4. Where the owners of a railroad right of way authorize contractors to put a crew of men to work upon such right of way, and agree to pay such contractors the amount actually expended in labor and material, and in addition thereto twenty per cent, and a certain sum for the use of the tools used in such work, and the contractors present a bill to the railway company for such labor, which is audited and approved by such company, it becomes an account stated, to secure and support which a lien may be filed upon the property for which said labor was performed.

5. The rendering of an account for labor performed and material furnished, for work upon a railway right of way, which account is accepted and approved by the railway company, is sufficient proof of the performance of such labor and the furnishing of the material

used in the construction of such improvement, and authorizes the filing of a lien therefor.

6. Under the statute of this state, a lien may be filed to secure profits upon a contract when such profits are included in the contract.

7. A charge for the use of tools in construction work, for which the employer agrees to pay, is a lienable item.   .

8. Services performed as superintendent in superintending the construction of railroad work constitute a lienable item under the laws of this state.

9. An account stated cannot be impeached or contradicted except by averring and proving fraud or mistake; and where there is no averment of fraud or mistake, or proof to support the same, the account stated becomes a contract as to the amount due and an action may be maintained thereon without proving the original items entering into such account.

10. A person performing labor upon or furnishing material used in the construction of an entire property may claim a lien upon a part of such property, as well as the whole.

11. A lien may be foreclosed against an interest in real property less than that of a fee simple title, as whatever interest the debtor may have in the property may be foreclosed in an action brought for that purpose.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Nez Perce County.   Hon. Edgar C. Steele, Judge.

An action to foreclose a lien for labor and material furnished.   Judgment for plaintiff.   *Affirmed.*

Johnson & Stookey, and A. A. Fraser, for Appellants.

The claim filed by the plaintiff is admissible in evidence as proof of its existence and filing, but it is not evidence of the matters alleged in it.   (Boisot on Mechanics' Liens, sec. 613.)

Being created and defined by the statute, it follows that mechanics' liens cannot be created by contract or consent of the parties.   (Boisot on Mechanics' Liens. sec. 5, p. 4.)

The proof must show that the labor or material was actually used in the construction, alteration or repair of the railroad. (*Colorado Iron Works v. Riekenberg,* 4 Ida. 710, 43 Pac. 681; *McGarry v. Averill,* 50 Kan. 362, 34 Am. St. Rep. 120, 31

Pac. 1082; *Wilson v. Nugent,* 125 Cal. 280, 57 Pac. 1008; *Hill v. Bowers,* 45 Kan. 592, 26 Pac. 13; *Cohn v. Wright,* 89 Cal. 86, 26 Pac. 643; *Houghton v. Blake,* 5 Cal. 240; *Arkansas River Land etc. Co. v. Nelson,* 4 Colo. App. 438, 36 Pac. 307.)

It must clearly appear that the claimant has a lien. No one is entitled to a lien unless the statute includes him or them. (*Thompson v. Baxter,* 92 Tenn. 305, 36 Am. St. Rep. 85, 21 S. W. 668.)

No lien is allowed under our statutes for the "use of tools." (*Allen v. Elwert,* 29 Or. 428, 44 Pac. 826, 48 Pac. 54.)

The mere showing that an account was presented at a particular time and approved and agreed to is not proof that labor was performed or that the materials are of a character which, under our statute, is entitled to a lien, nor is it proof as to the ownership of the land. (*Gibson v. Wheeler,* 110 Cal. 243, 42 Pac. 810; *Engfer v. Roemer,* 71 Wis. 11, 36 N. W. 618.)

A lien must be enforced against the whole of a railroad or not at all, and no lien can be had against any portion of the railroad separately. (*Connor v. Tenn. Cent. Ry. Co.,* 109 Fed. 931, 48 C. C. A. 730, 54 L. R. A. 687; *East Ala. Ry. Co. v. John Doe,* 114 U. S. 340, 5 Sup. Ct. 869, 29 L. ed. 136; *Cox v. Western Pac. Ry. Co.,* 44 Cal. 18; *Farmers' Loan & Trust Co. v. Candler,* 87 Ga. 241, 13 S. E. 560; *Midland Ry. Co. v. Wilcox,* 122 Ind. 84, 23 N. E. 506; *Knapp v. St. Louis, Kansas City & Northern Ry. Co.,* 74 Mo. 374.)

Chas. L. McDonald, for Respondents.

Both the Commercial Trust Company and the Northern Pac. Railway Company would be adversely affected by the court granting a new trial herein, or modifying the decree on the motion for new trial; consequently a notice of intention to move for a new trial should have been served on each of them. (*Nelson Bennett Co. v. Twin Falls L. & W. Co.,* 13 Ida. 767, 92 Pac. 980.)

The record must contain the evidence of service of the notice, or it must clearly appear from the record that ser-

vice of the notice was waived.　(Hayne on New Trial and Appeal, secs. 15, 210, p. 641.)

The trial court had no jurisdiction of the matter, by reason of failure to serve the adverse parties with notice of intention to move for a new trial, and therefore could not grant a new trial, and consequently this court has no jurisdiction of the matter either.　(*Herriman v. Menzies*, 115 Cal. 16, 56 Am. St. Rep. 82, 44 Pac. 660, 35 L. R. A. 318; 2 Cyc. 537; *Johnson v. Phenix Ins. Co.*, 152 Cal. 196, 92 Pac. 182.)

By reason of its being an account stated we did not have to show the amount we had expended in the work, other than was shown by the account stated itself, nor did we have to show by other evidence the expenditure of any money.　We are willing to concede that the stating of the account is not in itself proof of the performance of the labor, but we contend that it is conclusive proof of the value of the labor.

Even if the plaintiff might claim a lien on the whole road, it may nevertheless limits its lien by its notice to the part or section of the road for the construction of which it furnished materials.　(*Giant Powder Co. v. Ore. Pac. Ry. Co.*, 42 Fed. 473; *Neilson v. Iowa E. R. Co.*, 51 Iowa, 184, 33 Am. Rep. 124, 1 N. W. 434; *Bowan v. Springfield J. & P. R. Co.*, 1 Cir. Ct. App. 39; *Creer v. Cache Valley Canal Co.*, 4 Ida. 280, 95 Am. St. Rep. 63, 38 Pac. 654.)

The only way to destroy the effectiveness of an account stated is to impeach it on the ground of fraud or mistake. (1 Cyc. 454; *Jewell v. Ketcham*, 63 Wis. 628, 23 N. W. 709; *Keller v. Keller*, 18 Neb. 366, 25 N. W. 364; *Fleischer v. Kubli*, 20 Or. 328, 25 Pac. 1086.)

STEWART, J.—This appeal is from an order denying the appellants' motion for a new trial.　Before considering the questions presented by appellant on this appeal, our attention is directed to a discussion indulged in by the respondent, in which it is urged that the order denying a new trial should be affirmed for the following reason:

"That both the defendants, the Commercial Trust Company and the Northern Pacific Railway Company, are adverse par-

ties herein who did not join in the motion made herein for a new trial, and the record affirmatively shows that no notice of intention to move for a new trial, no motion for a new trial, nor any statement of the case on motion for a new trial was ever served upon them or either of them by the Lewiston & Southeastern Electric Railway Company, the party making the motion, nor did they waive any such service.''

The appeal in this case is taken by both the Lewiston & Southeastern Railway Company. and the Commercial Trust Company. The Northern Pacific Railway Company was dismissed from this case, under a stipulation of counsel entered into during the trial to the effect that the interest of the Northern Pacific Railway Company in the real property involved should not be adjudicated in this action. This stipulation was respected by the trial court, and no findings were made with reference to the Northern Pacific Company, nor was any judgment rendered for or against it.

The statement of the case contains a notice of intention to move for a new trial, upon the part of the Lewiston and Southeastern Railway Company, which shows service to have been made upon the attorney for the plaintiffs, respondents herein. Whether service was made upon the Commercial Trust Company does not appear from the record.

In the case of *Steve v. Bonners Ferry Lumber Co.,* 13 Ida. 384, 92 Pac. 363, this court said:

''Under the provisions of our statute, secs. 4443 and 4820, Rev. Stat., the notice of intention to move for a new trial is not made a part of the record on appeal, and we conclude that it has served its purpose when the motion for a new trial has been passed upon, and there is no further use of its being made a part of the record unless the adverse party objects to its sufficiency. If no notice of intention has been given at all, or if for any reason it is insufficient, it is the duty of the respondent to make that objection either upon settlement of the statement or upon the hearing of the motion for a new trial, and have his objection noted and incorporated in a statement or a bill of exceptions. If he fails to do so, the court on appeal will presume that the notice was given. The fact

that the trial court who heard the motion has entertained a motion for a new trial, considered and passed upon the same, implies that the proper notice of intention to make such motion has been served and filed.

"For the same reasons given above, it is unnecessary to incorporate in the statement orders made by the trial judge extending the time for preparation of statement and service thereof. If the adverse party contends that no order has been made, or that the time granted has expired, or for any other reason the statement has been presented too late, he should make that objection either at the time of the settlement of the statement, or if he was not present at such time, then at the time of the hearing on the motion for a new trial, and if he is overruled by the court, he should have the same noted and settled in the statement or a bill of exceptions so that he may present it on appeal."

It was not necessary, therefore, to incorporate in the record the notice of intention to move for a new trial or the service thereof, and it not affirmatively appearing that service was not made on the Commercial Trust Company, this court will presume that proper service was made and that the respondent was satisfied with the service so made. If service was not made, or was insufficient, it was the duty of the respondent to make objection thereto at the time of the settlement of the statement or at the time of the hearing of the motion for a new trial; and if the objection made thereto was overruled, such objection should have been presented to this court by proper bill of exceptions. It is too late to make this objection for the first time in this court.

This action is to enforce an alleged lien claimed by the respondents on a certain right of way or roadbed used for the operation of a railroad by the appellant, the Lewiston and Southeastern Electric Railway Company. Trial was had and judgment rendered for the plaintiffs, respondents herein, for the sum of $3,124.70, and costs, and an attorney fee of $250, and for a foreclosure of the lien claimed. A motion for a new trial was made and denied, and this appeal is from such order.

Counsel for appellant have devoted much space to a discussion of the sufficiency of the allegations of the complaint. A demurrer was filed to the complaint but the record does not show what disposition was made of this demurrer. The ruling of the court, therefore, upon the demurrer is not presented to this court for review. The question then arises: Can the sufficiency of the allegations of the complaint be inquired into upon an appeal from an order overruling a motion for a new trial where there is no appeal from the judgment?

While it is true that, under the provisions of Rev. Stat., sec. 4178, the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by failing to object thereto, yet, to review the sufficiency of the allegations of the complaint in this court, an appeal should be taken from the judgment. This court will not consider or review the sufficiency of a complaint on an appeal from an order denying a new trial. (*Alpers v. Hunt,* 86 Cal. 78, 21 Am. St. Rep. 17, 24 Pac. 846; *Bode v. Lee,* 102 Cal. 583, 36 Pac. 936; *Swift v. Occidental Min. etc. Co.,* 141 Cal. 161, 74 Pac. 700; *Swett v. Gray,* 141 Cal. 63, 74 Pac. 439.)

The record in this case shows that a new trial was asked upon the following grounds:

"1st. Insufficiency of the evidence to justify the decision.

"2d. That the decision is against law.

"3d. Errors of law occurring at the trial and excepted to by the defendant."

Under none of these grounds can the sufficiency of the complaint, in the absence of a demurrer, be considered by the trial court in granting or refusing a new trial. In support of these grounds for a new trial, the appellant assigned as error the insufficiency of the evidence to support findings Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 18, and 19, and that such findings are contrary to the evidence, certain rulings of the court in admitting and rejecting evidence and that the conclusions of law and decree of the court were not supported by the evidence and were against law.

Sec. 1 of an act approved February 7, 1899, Laws of 1899, page 147, provides:

"Every person performing labor upon or furnishing materials to be used in the construction, alteration or repair of any . . . . railroad . . . . has a lien upon the same for the work or labor done or materials furnished, whether done or furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder or any person having charge of . . . . the construction, alteration or repair either in whole or in part, of any building or other improvement, as aforesaid shall be held to be the agent of and owner for the purpose of this chapter."

Sec. 4 of the same act provides:

"The land upon which any building, improvement or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof to be determined by the court on rendering judgment, is also subject to the lien, if, at the commencement of the work or of the furnishing of the material for the same, the land belonged to the person who caused said building, improvement or structure to be constructed, altered or repaired, but if such person owns less than a fee simple estate in such land, then only his interest therein is subject to such lien."

The claim of lien to be filed, and its contents, and the time in which it is to be filed, is provided for in sec. 6 of the same act, as follows:

"Every original contractor claiming the benefit of this chapter must, within ninety days, and every other person must, within sixty days, after the completion of any building, improvement or structure, or after the completion of the alteration or repair thereof, or in case he cease to labor thereon before the completion thereof, then after he so ceases to labor or after he has ceased to labor thereon, for any cause, or after he has ceased to furnish materials therefor, or after the performance of any labor in a mine or mining claim, file for record with the county recorder for the county in which such property or some part thereof is situated a claim containing a statement of his demand, after

deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or ·to whom he furnished the materials, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of the claimant, his agent or attorney to the effect that the affiant believes the same to be just.''

Sec. 10 of the same act provides:

''The original or subcontractor shall be entitled to recover upon the claim filed by him only such amount as may be due to him according to the terms of his contract, after deducting all claims of other parties for work done and materials furnished to him as aforesaid.''

This statute provides for the lien, the interest subject to the lien, the character and form of the lien, and the amount that may be recovered on such lien. With this statute to guide us, we will examine the findings, the evidence and the decree.

It appears from the evidence that Col. Judson Spofford was the president of the Lewiston & Southeastern Electric Railway Company, and that F. J. Randolph was the secretary and treasurer of such corporation. That in 1905 the firm of Naylor & Norlin commenced work on the right of way of the Lewiston & Southeastern Electric Railway Company, and continued such labor from May 14th until September 24th of the same year; that Col. Spofford authorized the plaintiffs to commence and perform such work; that the work consisted of general railroad construction, shoveling, blasting, and clearing sagebrush from the right of way; that Col. Spofford was present when the work was commenced.

It appears, further, that this labor was commenced in pursuance of an agreement between Mr. Naylor and Col. Spofford, made on May 13, 1905, to the effect that Mr. Naylor should take his teams and outfit and a lot of men and put the teams to work in grading and other work, and particularly to hold the right of way against any other party who came; that they were to receive their expenditures and a certain per-

centage, which was not agreed upon at that time and was not
agreed to until a bill was presented and agreed to between
the plaintiffs and Col. Spofford and Mr. Randolph, acting
for and on behalf of the Electric Railway Company; that it
was then agreed that they should have their expenditures
and in addition twenty per cent of the amount of money that
was expended, and compensation for the use of tools.

On September 11th, the plaintiffs presented to the railway
company a bill, as follows:

                              "Lewiston, Idaho, Sept. 21, 1905.
"M....Lewiston & S. E. Railway

"For Labor and Material on Grade in T. 35 N., Range 6
W. B. M.

"To Naylor & Norlin, General Contractors, Plumbing, Steam
Heating.

| | | |
|---|---:|---:|
| Amount for May...............$ | 671.47 | |
| Amount for June............... | 1,113.20 | |
| Amount for July............... | 566.00 | |
| Amount for August............ | 74.25 | |
| Amount for September.......... | 54.00 | |
| | $2,478.92 | |
| 20 per cent................... | 495.78 | $2,974.70 |
| To use of plant............. | | 150.00 |
| | | $3,124.70" |

This bill was audited and approved by the railway company
as follows:

"Audited and approved.

                              "JUDSON SPOFFORD,
                              "T. J. RANDOLPH,
"Sept. 21, 1905.                    Audit Committee."

This bill was not paid, and on Sept. 23, 1905, the plaintiffs
made out and filed in the county recorder's office of said Nez
Perce County a claim of lien, which states in substance that
N. C. Naylor and Charles Norlin, copartners engaged in and
doing business under the firm name and style of Naylor &

Norlin, as original contractors, performed labor upon and furnished material actually used in grading, constructing and building a roadbed to be used for the operation of a railroad, the land upon which this roadbed was so constructed being described as follows, to wit:

"Fifty feet on either side of and parallel to the center line of the survey of said company's proposed railway, marked and staked by its chief engineer, and extending in a general southeasterly direction through, over and across the following described lands in Nez Perce County, State of Idaho."

Then follows a long description of lands located in different sections and townships, specifying where the deed conveying title was recorded, etc. After the description the lien continues in substance that the Lewiston & Southeastern Railway Company, Limited, is the name of the owner and reputed owner of said premises, and caused said grading, constructing and building, mentioned aforesaid, to be done; that said company entered into a contract with the plaintiffs, under and by virtue of which said labor was performed and material furnished; that under the terms of the contract, Naylor & Norlin were to receive for the said work twenty per cent of and in addition to the amount of money actually expended by them for labor and material in prosecuting said work; that they expended for labor and material in prosecuting said work $2,478.92, twenty per cent of which would be $495.78; that in addition to the above amount said corporation agreed to pay a reasonable amount to the said Naylor & Norlin for the use of their tools and appliances on the said work; that a reasonable amount for the use of the said articles would be the sum of $150; that the contract has been fully performed and work ceased about the 1st day of September, 1905, and that ninety days have not elapsed since; that the amount of the contract price for said labor was $3,124.70, no part of which has been paid, and, after deducting all just credits and offsets, the sum of $3,124.70 is due.

To support this lien, therefore, it was necessary for the plaintiffs to prove that they performed labor upon and fur-

nished material to be used in the construction of the property described in the lien to the extent claimed,. and that a lien was filed as required by law.

The court finds that the Electric Railway entered into a contract with the plaintiffs, whereby the plaintiffs were to furnish the labor and material necessary to be used in the grading, constructing and building of a roadbed to be used by said company, and that the company agreed to pay the plaintiffs the amount actually expended by the said plaintiffs in the furnishing of material and labor and doing said work, and twenty per cent in addition, and a reasonable amount for the use of the tools; that while performing said work, the plaintiffs actually expended for labor and material used the sum of $2,478.92, twenty per cent of which is $495.78; that a reasonable amount to be allowed plaintiffs for the use of their tools and appliances was $150.

The record in this case is voluminous, and the objections made to the findings and the admission and rejection of evidence numerous, and space will not permit this court to deal with each specific objection. We will, however, group these objections together and thereby consider all of the questions presented by the record.

It is argued by counsel for appellant that the evidence does not support the findings, for the reason that there is no evidence showing that any labor was performed or material furnished under a contract, or the value or general character of such labor or materials furnished. The evidence shows that it was agreed between the plaintiffs and Col. Judson Spofford, acting for the railway company, that the plaintiffs should take their teams and outfit and go to Snake river upon the right of way of appellants and perform work, grading and clearing the right of way and other work necessary to show possession and occupancy of said right of way. It was then agreed that they were to receive the amount expended by them, and afterward agreed that they should have in addition thereto a sum equal to twenty per cent of the amount expended and a reasonable amount for the use of their tools. They entered upon the work with that understanding and performed gen-

eral construction work, such as shoveling, blasting and clear-
ing sagebrush from the right of way of the railroad com-
pany; that twelve or fifteen men were at work from May
until September. Upon this evidence counsel construct an
argument to the effect that the evidence does not show that
the labor was performed and material furnished under a con-
tract, and that the evidence does not show the value and char-
acter of the work.

That plaintiffs performed work upon the right of way of
the railway company is clearly established; that a statement
was prepared and submitted to the railway company of the
amount claimed to be due, which was audited and approved
by Col. Judson Spofford, the president, and F. J. Randolph,
the secretary, of the railway company; that this statement
so approved fixed the amount due the plaintiff for labor and
material furnished at $2,478.92, the twenty per cent added
was $495.78, and for the use of tools, etc., $150, making a
total of $3,124.70. This amount was acknowledged and ad-
mitted by the railway company to be due the plaintiffs for
labor performed by them upon the right of way of the rail-
way company at the request of Col. Spofford, the president
of the company, and in accordance with the arrangement
made with him. This clearly brings the proof within the
rule, that a person claiming a lien must show the amount of
labor and material actually used in the construction, altera-
tion or repair of the improvement.

The statute allows a lien to every person performing labor
upon or furnishing material to be used in the construction of a
railroad. In this case, plaintiffs were employed to do work
and furnish material in pursuance of a contract made by
Col. Spofford, the president. The work was done and ma-
terial furnished, and the account rendered therefor was ac-
cepted and ratified by the company. Out of this came the
plaintiff's right to a lien therefor.

It is argued, however, on the part of the appellants, that
the plaintiffs were not entitled to a lien for $150, the amount
claimed for the use of tools and appliances. It would seem

that if a person furnishes tools which are used and consumed
in the construction of work, such person would be entitled
to a lien for the same reason that gives a lien for the use
and consumption of material.   The use and consumption of
tools ought to give the same right as the use and consump-
tion of material.   Under the contract, the plaintiffs were to
have a reasonable compensation for the use of tools, and the
plaintiffs admitted and agreed that the value of the use was
$150.   The item of $150 was a proper lienable item.

Included in the claim of lien, also, was compensation for
superintending the work.   Counsel argue that no lien should
be allowed for this labor.   The statute, however, clearly con-
templates a lien for labor performed in or upon improve-
ments.   The labor of a superintendent in the construction of
works becomes a part of the improvement to the same extent
as the labor of any other individual, and establishes his right
to a lien the same as that of any other person who performs
labor upon or in said work.   (*Thompson v. Wise Boy Min. etc.
Co.,* 9 Ida. 363, 74 Pac. 958.)

It is next contended that the twenty per cent agreed to be
paid in addition to the amount expended by plaintiffs is not
a lienable item.   This amount was agreed to by the parties
evidently upon the theory that it would be the plaintiff's.
profit or compensation for the labor performed and material
furnished.   According to the theory of the appellant, it would
seem that a lien cannot be claimed, except for the actual cost
of labor and material consumed in an improvement.   But a
contractor is not limited to actual consumption of labor and
material; he is entitled to compensation for time, capital
and responsibility in undertaking the contract, and, in this
case, the parties agreed that twenty -per cent of the amount
actually expended and paid out would be a reasonable com-
pensation, evidently as profits, and this gives the plaintiffs
the same right to a lien, therefore, as that of any other ex-
penditure made under the contract.

The evidence clearly supports the findings of the court to
the effect, that the plaintiffs performed labor upon and fur-
nished material to be used in the construction of the road-

bed of the defendant corporation, and that the amount and value thereof was fixed and agreed to by the parties at the amount stated in the account rendered.

Upon the trial of the case the defendant offered certain evidence attempting to impeach and contradict the account as stated, but did not offer to show that there was any mistake or fraud in said account. The account rendered became an account stated, and when assented to, either expressly or impliedly, it became a new contract, and an action upon it was founded upon such new contract and not upon the original items entering into the same. The general rule, as we understand it, is that when the stated account is admitted it can only be avoided on proof of fraud, mistake, etc. (*Coffee v. Williams,* 103 Cal. 550, 37 Pac. 504.)

The court excluded all evidence which tended to impeach the items entering into the account stated. There was no effort to contradict or show that the account was not stated and admitted by the defendant railway company, except the evidence of Col. Judson Spofford to the effect that the account was brought to him by Major Manning for the plaintiffs, who stated that the time for filing the lien would expire the next morning, and that he wanted his statement approved and signed up in such a way that he would have something to show for the work. That he made objection that the same was not sufficiently itemized, but he and Mr. Randolph signed the same, with the understanding that no lien would be filed. But fraud and mistake are not plead in the answer, nor would the evidence offered prove such defense if plead. The supreme court of California, in discussing this question in *Auzerais v. Naglee,* 74 Cal. 60, 15 Pac. 371, says:

"In an action on an account stated, it is not necessary to prove the account, or any of its terms, but the proof in such a case is directed to the fact that the parties have accounted together, and agreed upon the balance due; . . . .

"In the language of Wait, in his work on Actions and Defenses (vol. 6, p. 430), an accounting, 'when accomplished, does not necessarily exclude all inquiry into the rectitude of the account. The parties may still impeach it for fraud or

mistake; but so long as it is not impeached, the agreed statement serves in place of the original account as the foundation of an action. It becomes an original demand, and amounts to an express promise to pay the actual sum stated. The creditor becomes entitled to recover the agreed balance in an action based upon the fact of its acknowledgment by the debtor upon an adjustment of their respective claims.' ''

In an action to foreclose a lien filed in support of an account stated, the plaintiff is not required to prove the items which make up said account. In this case the railway company could not call in question the account stated, except upon the grounds of fraud or mistake.

As was said by the supreme court of California in the case of *Hendy v. March,* 75 Cal. 566, 17 Pac. 702:

"But an account stated becomes a contract. As was said by the court, per Shafter, J., in *Carey v. Petroleum Co.,* 33 Cal. 697: 'An account stated alters the nature of the original indebtedness, and is itself in the nature of a new promise or undertaking. (*Fossatt v. Allanson,* 2 Term Rep. 479; *Holmes v. De Camp,* 1 Johns. 36, 3 Am. Dec. 293.) Therefore an account stated with a new firm may include debts due to a former firm or to one of the partners. (*David v. Ellice,* 5 Barn. & C. 196; *Gough v. Davies,* 4 Price, 200.) An action upon an account stated is not founded upon the original items, but upon the balance ascertained by the mutual consent of parties.'

"It follows that, as is the case with other contracts, the mistake must be put in issue by the pleadings. (*Auzerais v. Naglee,* 74 Cal. 60, 15 Pac. 371; *Terry v. Sickles,* 13 Cal. 427.) The pleadings here did not present any such question."

It is next urged on the part of appellant that the decision of the court is against the law, for the reason that it decreed a sale of a portion of the defendant railway company's right of way, upon a lien filed against said portion of right of way. This, counsel for appellant claims is erroneous, and that a lien cannot be filed upon a part of a railroad only. This question hardly deserves any serious consideration. The court found that the plaintiffs filed a lien against the right of way

of the appellant for about a half mile, and rendered a decree, ordering the sale of said particular property to satisfy said claim.   The court evidently sustained said lien against the property which, in its judgment, was subject to the lien, and in the decree ordered a sale of so much of the property as was covered by the lien.   This was clearly within the authority and power of the court.   And again, under the pleadings and the evidence, it does not appear that the railway company was the owner of any roadbed other than that covered by the lien and the decree.   This question was considered in the case of *Creer v. Cache Valley Canal Co.,* 4 Ida. 280, 95 Am. St. Rep. 63, 38 Pac. 653, in which the court says:

. "A careful examination of the cases cited by both counsel for the defendants and for plaintiffs will disclose the fact that where a mechanic has asked for a lien upon the entire property for work upon a part his claim has been allowed, and where he asked for a lien upon a distinct part that has been also allowed.   In either case the law has been construed liberally in favor of the party asking the lien."

It is also argued that finding No. 12 is erroneous and not supported by the evidence.   In this finding, the court finds that the Commercial Trust Company, one of the corporations defendant herein, claims an interest in the aforementioned and described real estate, and that the interest of the said corporation defendant is inferior to and subservient and subsequent to the claim of lien filed by the plaintiff as aforesaid.

There was introduced in evidence a right of way agreement from the Commercial Trust Company to the Electric Railway Company, conveying a strip of land 100 feet wide, through certain lands owned by the Commercial Trust Company, conditioned that the railway company complete a line of railway across the said described land within three years from date, upon default of which the title to the land would revert to the Trust Company.   This conveys to the railway company a title absolutely to said property, to be defeated only upon condition that the railway company does not construct its railroad within three years.   There is nothing in the findings or the evidence to show that the railroad has not been

constructed, or will not be constructed, in accordance with this deed. But it could make no difference in this case, for whatever interest the railway company had in said property would be subject to the lien, whether that be a fee simple or a less title, and the fact that the title to the railway company was not absolute would not render the finding of no force or effect, and, in any event, would not defeat plaintiff's right to recover in this action.

We have carefully reviewed the evidence in this case and the findings of the court, and are satisfied that the evidence supports the findings, and that the findings are in accordance with the evidence and the law, and that the decree is in accordance with the law. Counsel have argued many other questions, which we consider of no importance under the view we have taken of this case. It is clear to us that the plaintiffs were engaged to perform work and labor upon this railroad; that they were engaged to perform this work by Col. Spofford, the president, who had charge of the construction and management of said railroad; that plaintiffs performed labor and rendered a statement of account to the railroad company, which was accepted and approved by Col. Spofford, the president, and Mr. Randolph, the secretary and treasurer, who had authority to make contracts for the company; that a lien was filed in accordance with law in support of this account, upon which this action was brought; that the findings and decree are right, and in accordance with law.

We find no error in the record.

Judgment is affirmed. Costs awarded to respondents.

Ailshie, C. J., and Sullivan, J., concur.