(February 11, 1920.)

## PACIFIC COAST PIPE COMPANY, a Corporation, Appellant, v. BLAINE COUNTY IRRIGATION COMPANY, LIMITED, and BLAINE COUNTY INVESTMENT COMPANY, Respondents.

· [187 Pac. 940.]

MECHANICS' LIENS — CAREY ACT IRRIGATION SYSTEM — MORTGAGES — PRIORITY.

1. A lien for materials furnished, or labor performed in the construction of a Carey Act irrigation system extends only to such right, title and interest as the Carey Act company, at the instance of which the system was constructed, had therein at the time the lien attached.

2. The lien of a mortgage, by reference therein to property to be acquired by the mortgagor, is subject and subsequent to liens, if duly and properly made and filed, for labor performed and materials furnished in constructing and acquiring such property.

3. One performing labor in, or furnishing materials for, the construction of a section or ranch of an irrigation system may have a lien upon that portion of it for his compensation, but if he elects to file his lien upon the entire system, he thereby makes his claim subsequent and subject to a prior mortgage thereon, properly recorded, or of which he had notice, within the time mentioned in C. S., sec. 7345.

]As to priority as between mechanic's lien and mortgage, see note in Ann. Cas. 1916B, 634.]

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. James R. Bothwell, Judge.

Suits to foreclose liens. Decree fixing priorities from which one of the claimants appealed. *Modified and affirmed.*

Coffin & Coffin, for Appellant.

The right of the mortgagor construction company to have a Carey Act lien upon the irrigated lands to secure the cost of delivering pipe-line water ripened and was acquired only

through the outlay or expenditure (furnishing of materials) of the plaintiff, and, under such circumstances, the plaintiff being, as the evidence clearly shows, entitled to a lien upon the interest of the mortgagor, the prior mortgage with an after-acquired property clause attaches only to the interest of the mortgagor subject to that lien. (*Harris v. Youngstown Bridge Co.*, 90 Fed. 322, 33 C. C. A. 69; *Bear Lake & R. Waterworks & Irr. Co. v. Garland*, 164 U. S. 1, 17 Sup. Ct. 7, 41 L. ed. 327, see, also, Rose's U. S. Notes.)

Therefore, the plaintiff is entitled to a lien upon the pipeline, the water right connected therewith, an interest in the entire system sufficient to deliver the waters of Dry Creek to the settlers, and the right to have a lien upon the irrigated lands to secure the deferred payments on the water-right contracts to the extent of the amount of water delivered through the pipe.

P. E. Cavaney, for Respondents.

Mechanic's lien claimants' liens are always subject to prior mortgages which are of record or of which they have knowledge at the time they commence to furnish their labor or material. (*Nelson-Bennett Co. v. Twin Falls Land & W. Co.*, 14 Ida. 5, 93 Pac. 789; *Smith v. Faris-Kesl Const. Co.*, 27 Ida. 407, 150 Pac. 25.)

The Idaho statute does not purport to grant a lien upon anything but the interest of the debtor in the specific structure or other improvements, together with the appurtenances and the real estate on which the same is situated, in the construction of which the labor or material of the claimant has been used. (Rev. Codes, secs. 5110–5113; *Colorado Iron Works v. Riekenberg*, 4 Ida. 705, 43 Pac. 681; *Nelson-Bennett Co. v. Twin Falls Land & W. Co.*, supra.)

The appellant had the right to elect whether it would treat the pipe-line and canal extending from Dry to Wet Creek as a separate and independent construction and to file its lien upon that part of the property alone or to regard it as part of the entire irrigation project and claim a lien upon the whole.

(*Creer v. Cache Valley Canal Co.,* 4 Ida. 280, 95 Am. St. 63, 38 Pac. 653; *Bear Lake & R. W. & Irr. Co. v. Garland,* 164 U. S. 1, 17 Sup. Ct. 7, 41 L. ed. 327, see, also, Rose's U. S. Notes.)   By electing to claim a lien upon the entire system, appellant waived its right to a lien upon the specific property for the construction of which it furnished material. (*State ex rel. John J. Ganahl Lumber Co. v. Drew,* 43 Mo. App. 362.)

MORGAN, C. J.—Action was commenced by appellant to foreclose a lien filed in Blaine county on August 5, 1912, upon the entire irrigation system of respondent, Blaine County Irrigation Company, Limited, hereinafter called the irrigation company, for money claimed to be due the former on account of materials sold by it to the latter and used in the construction of a pipe-line which forms a part of the system.   Warren G. Swendsen commenced action to foreclose a lien, filed in Custer and Lemhi counties on August 10, 1912, upon a portion of the irrigation system located in those counties, for labor performed and assistance rendered by him in constructing the same.   These actions were consolidated for trial in the district court.

Respondent, Blaine County Investment Company, hereinafter called the investment company, filed an answer and cross-complaint wherein it was alleged that the irrigation company became and was the owner of the system in question pursuant to what is known as the Carey Act of Congress, and acts amendatory thereof, and the laws of Idaho relating to it; that on November 1, 1910, the last-mentioned corporation executed a mortgage in favor of Central Savings Trust Company and David Thornton, whereby it conveyed to them, in trust, in order to secure the payment of a bond issue, all its property comprising its irrigation system, situate in Blaine and Fremont counties, together with all extensions thereof for the reclamation of lands susceptible to irrigation therefrom, and also all other property then owned by it or which it might thereafter acquire; that the mortgage was recorded in Fremont and Blaine counties on December 20 and 21, 1910;

that it was foreclosed and that the purchaser of the property at foreclosure sale duly assigned and conveyed it to the investment company. These allegations appear to be sustained by the evidence.

After the hearing and before judgment Swendsen assigned his claim to the investment company. It was adjudged and decreed that the latter, as assignee of the former, have and recover from the irrigation company the sum of $5,695, and costs, and that the lien filed by him be and it was adjudged to be a lien upon the property therein described, prior and superior to the mortgage and to the lien of appellant; that by virtue of the mortgage the investment company have a lien in the sum of $204,600, and costs, upon the property covered by the Swendsen lien; also upon that mentioned and described in the mortgage and that it was prior and superior to the lien of appellant; that appellant have and recover of and from the irrigation company the sum of $12,830, and costs, and that it have a lien, subsequent and subject to the Swendsen lien and that of the mortgage, upon all the property above mentioned; that the property be sold and the proceeds be applied, first, in satisfaction of the liens of the investment company, second, in satisfaction of that of appellant.

Appellants assign as error the failure of the court to decree that the right to divert 150 second-feet of water from Dry Creek, pursuant to permit No. 8195, was and is subject to each and all of the liens. There seems to be no controversy upon this point except as to whether that right is actually included in the decree wherein it describes the property of the irrigation company, generally. There is no reason why the matter should be left in doubt, and the trial court is directed to amend the findings of fact, conclusions of law and decree so as to specifically describe the right in question.

The remaining assignments of error call in question the action of the court in decreeing the Swendsen lien to be prior and superior to the others and the lien of the mortgage to be prior and superior to that of appellant.

Appellant contends that foreclosure cannot be had on the physical properties of the irrigation company; that this being a Carey Act system, it must ultimately be turned over to the water users free from debt for construction and that the money due from them, according to the terms of their contracts, constitutes a fund to which all lien claimants must look for the satisfaction of their liens, and that its right to moneys to be paid by users of water received through the pipe-line is prior to that of respondent acquired by virtue of the mortgage.

This contention cannot be maintained. Appellant's lien is not on moneys to be derived from the sale of water rights, but is on such right, title, claim and interest in the system as the irrigation company had at the time the lien attached. (*Smith v. Faris-Kesl Const. Co., Ltd.,* 27 Ida. 407, 150 Pac. 25.)

The pipe-line, for the construction of which appellant furnished materials and upon which Swendsen performed labor and rendered assistance, was not in existence at the time the mortgage was executed, and it and the portion of the system in Custer and Lemhi counties of which it is a part are subject to the lien thereof only by reason of reference therein to extensions of the system described and to property which the mortgagor might thereafter acquire. That property was acquired by virtue of the materials furnished and labor performed by these lien claimants, and the lien acquired by the mortgagee, by reference in the mortgage to after-acquired property, is subject and subsequent to their claims if duly and properly made and filed against that portion of the system. (18 R. C. L., p. 957, sec. 96; *Bear Lake & R. Waterworks & I. Co. v. Garland,* 164 U. S. 1, 17 Sup. Ct. 7, 41 L. ed. 327, see, also, Rose's U. S. Notes; *Jarvis v. State Bank,* 22 Colo. 309, 55 Am. St. 129, 45 Pac. 505.) Such a lien was filed by Swendsen in Custer and Lemhi counties, where this newly constructed and acquired property was situated, but wherein the mortgage had not been recorded. (*Creer v. Cache Valley Canal Co.,* 4 Ida. 280, 95 Am. St. 63, 38 Pac. 653.) Appellant elected to file its lien in Blaine county, where the mort-

gage was recorded, against the entire system. By doing so it brought its claim within the provisions of C. S., sec. 7345, as follows: "The liens provided for in this chapter are preferred to any lien, mortgage or other encumbrance, which may have attached subsequent to the time when the building, improvement or structure was commenced, work done, or materials were commenced to be furnished; also to any lien, mortgage, or other encumbrance of which the lienholder had no notice, and which was unrecorded at the time the building, improvement or structure was commenced, work done, or materials were commenced to be furnished."

The mortgage on the system being prior in point of time to the lien of appellant, and both being on the same property, the latter is subject to the former.

The findings, conclusions and decree when amended as above indicated will be affirmed without further order. Costs are awarded to respondents.

Rice and Budge, JJ., concur.