(August 4, 1925.)

A. JUSTICE and E. T. EPLING, Copartners Doing Business Under the Firm Name of JUSTICE & EPLING, Appellants, v. SAM HEITER and F. J. HENGY, Respondents.

[237 Pac. 117.]

IMPROVEMENT TO BUILDING AT INSTANCE OF TENANT—MECHANIC'S LIEN —FORECLOSURE— INTEREST SUBJECT TO LIEN—FINDING ON CONFLICTING EVIDENCE.

1.   Where improvements to a building are made at the instance of one not the owner of the fee, and at his instance only, then only the interest of such person is subject to a mechanic's ·lien.

2.   Findings of fact made by a trial judge will not be disturbed because of conflict in the evidence, if the evidence in support of said findings, if uncontradicted, would be sufficient to sustain them.

3.   *Held*, that the evidence as shown by the record in this case sustains the finding that the owner of the fee did not authorize the construction of the improvement in question.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Action to foreclose mechanic's lien. Judgment for defendant Hengy. *Affirmed.*

Tannahill & Leeper, for Appellant.

The fee-simple interest of Hengy in the property described in the complaint is subject to this lien. (C. S., sec. 7339; 27 Cyc. 72; *Hill v. Twin Falls Water Co.*, 22 Ida. 274, 279, 125 Pac. 204; *McGill v. McAdoo*, 35 Ida. 283, 206 Pac. 1057; *Mine & Smelter Supply Co. v. Idaho Mines Co.*, 20 Ida. 300, 118 Pac. 301; *Van Stone v. Stillwell & Bierce*

Publisher's Note.

1.   Mechanics' liens on leasehold estate, see notes in 3 **Ann. Cas.** 1096; 14 Ann. Cas. 1031.

Mechanic's lien for improvements with consent but not at expense of owner, see notes in 11 **Ann. Cas.** 1082; 19 **Ann. Cas.** 74; **Ann. Cas.** 1916C, 1133; **Ann. Cas.** 1918C, 1019.

3.   Owner's knowledge of improvements by lessee as "consent," subjecting his interest to mechanic's lien, see note in 4 **A. L. R.** 685.

*Mfg. Co.,* 142 U. S. 128, 12 Sup. Ct. 181, 35 L. ed. 961;
*Boyer v. Keller,* 258 Ill. 106, Ann. Cas. 1916B, 628, 101
N. E. 237; *Bartson v. Wiekert,* 193 Ill. App. 467; *Church E.
Gates & Co. v. National Fair & Exp. Assn.,* 172 App. Div.
581, 158 N. Y. Supp. 1070; *Friebele v. Swartz,* 164 Ill. App.
504; *Pierce v. Kinney,* 152 App. Div. 638, 137 N. Y. Supp.
475; *Wells v. Sherwin,* 92 Ill. App. 282; *Lingelsen v. Mc-
Gregor,* 162 Ind. 258, 67 N. E. 524, 70 N. E. 248; *Cannon
v. Helfrick,* 99 Ind. 164; *Willverding v. Offineer,* 87 Iowa,
475, 54 N. W. 592; *Phillips v. Clark,* 4 Met. (Ky.) 348, 83
Am. Dec. 471; *Shaw v. Young,* 87 Me. 271, 32 Atl. 897.)

Leo McCarty, for Respondent Hengy.

The evidence was sufficient to support the findings of fact,
and the judgment and decree based thereon. (C. S., sec.
7170; *Independence Placer Min. Co. v. Knauss,* 32 Ida.
269, 181 Pac. 701; *Consol. Interstate-Callahan Min. Co. v.
Morton,* 32 Ida. 671, 187 Pac. 791; *Holland v. Avondale
Irr. Dist.,* 30 Ida. 479, 166 Pac. 259; *McKeenan v. Vollmer-
Clearwater Co.,* 30 Ida. 505, 166 Pac. 256; *Jensen v. Bumgar-
ner,* 28 Ida. 706, 156 Pac. 114; *Wolf v. Eagleson,* 29 Ida. 177,
157 Pac. 1122; *Hemphill v. Moy,* 31 Ida. 66, 169 Pac. 288;
*Young v. Extension Ditch Co.,* 28 Ida. 775, 156 Pac. 917;
*Hayton v. Clemans,* 30 Ida. 25, 165 Pac. 994.)

A contract made between appellants and defendant Heiter
would not subject the property of respondent Hengy to a
mechanic's lien. (27 Cyc. 50, 56; 2 Jones on Liens, 3d ed.,
pp. 485, 486; *Wilson v. Gevurtz,* 83 Or. 91, 163 Pac. 86,
L. R. A. 1917D, 575; *Nicholson v. Smith,* 31 Ida. 544, 174
Pac. 1008; *Little Valeria Gold Min. & Mill. Co. v. Inger-
soll,* 14 Colo. App. 240, 59 Pac. 970; *Wilkins v. Abell,* 26
Colo. 462, 58 Pac. 612; *Moses v. Pacific Building Co.,* 58
Cal. App. 90, 207 Pac. 946; *Prinz v. Second Street Theatre
Co.,* 98 Wash. 149, 167 Pac. 39; *Hudson-Houston Lbr. Co. v.
Parks,* 91 Okl. 46, 215 Pac. 1072; *Francis v. Sayles,* 101
Mass. 435; *Boone v. Chatfield,* 118 N. C. 916, 24 S. E. 745;
*Oregon Lbr. Co. v. Beckleen,* 130 Iowa, 42, 106 N. W. 260,
6 L. R. A., N. S., 485; *Hartley v. Murtha,* 36 App. Div. 196,
56 N. Y. Supp. 686; *Stetson-Post Mill Co. v. Brown,* 21 Wash.
619, 75 Am. St. 862, 59 Pac. 507; *Stenberg v. Linneman,* 20

Mont. 457, 63 Am. St. 636, 52 Pac. 84; *Gates v. Fredericks,*
5 Ariz. 343, 52 Pac. 1118; *Lynam v. King,* 9 Ind. 3; *Mosher
v. Lesis,* 10 Misc. 373, 31 N. Y. Supp. 433.)

McNAUGHTON, District Judge.—This is an action for the
foreclosure of a contractor's claim of mechanic's lien. The
labor and material used were for the construction of a re-
frigerator or ice-box ordered by the tenant.

The assignments of error present two main questions:

1. Were the improvements of such a nature as to af-
ford basis for a mechanic's lien against the fee owner of
the premises? That is, was the labor and material expended
for an improvement of the building in question, or for the
construction of a mere trade fixture?

2. Were the labor and materials for which lien is claimed,
furnished at the instance of the defendant Hengy so as to
subject his interest as owner to the lien?

The second question was controlling in the trial court,
therefore we will first examine it here.

In this case the ice-box or refrigerator was ordered by
the defendant Heiter, who was a tenant in the building, but
not a tenant of the owner Hengy. Hengy rented the store-
room in question to J. C. Cooley and he sublet part of the
room to Heiter. Heiter was a stranger to the owner. There
were no relations between them. The appellants are not
seeking relief here against Heiter. The question is only
as to the right of lien against the building.

Of course, ordinarily, where improvements are made at
the instance of one not the owner of the fee, then only the
interest of such person is subject to the lien. This court
said in *Nicholson v. Smith,* 31 Ida. 544, 174 Pac. 1008, "Sec.
5113 specifies what property shall be subject to the lien if, at
the commencement of the work, the land belonged to the
person who caused it to be performed," and concludes
as follows: "But if such person owns less than a fee-simple
estate in such land, then only his interest therein is subject
to such lien."

In this case the complaint charges that the work was done
with the full knowledge and consent of the defendant Hengy
and for his use and benefit, and appellant contends that the

owner's sanction was a procuring cause for the outlay.  On this issue the trial court found against appellant.  While the testimony on this point is short, it is somewhat conflicting. The defendant Hengy testified as follows:

"Q. What was the whole conversation you had with him (Justice) that day?

"A. It was, the only conversation, the man, I didn't know him by name, or know him, he just stepped up and asked me if I had any objection to putting the ice-box in the store and I told him no, and off he went.  That is all I had any conversation with him."

On the other hand, Mr. Justice testifies that he saw Mr. Hengy regarding the matter and that "I told him I was going to put up a refrigerator there in his place, and I think about the first thing he asked me was about what the cost would be, and I told him about two hundred dollars. So I told him: 'Of course,' I says, 'I don't know Mr. Heiter, and this is your building.'  'Well,' he said, 'that was all right.  You go right ahead and put it in.'"

It appears that neither of the tenants, Cooley or Heiter, ever at all discussed the matter of the refrigerator with Hengy.  The appellants base their right upon this single conversation between Justice and Hengy.  From this testimony, in connection with the other evidence in the case, it appears the trial court concluded that the owner in no manner caused or encouraged the construction of the ice-box; that he had nothing whatever to do with its procurement. We think the record sustains the finding.

From the foregoing it becomes unnecessary to discuss the other question, for it is immaterial whether an improvement does or does not enhance the value of the property or inure to the benefit of the owner where it appears the owner in no way caused or encouraged its procurement.

We conclude that the judgment of the district court should be affirmed, and it is so ordered.  Costs are awarded to respondent.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

Wm. E. Lee, J., deeming himself disqualified, took no part.