(No. 5214. October 15, 1929.)

HENRY T. POYNTER, Respondent, v. LYMAN FARGO and ESTELLA FARGO, Appellants.

[281 Pac. 1111.]

H. B. Thompson, for Appellants.

William Edens, for Respondent.

GIVENS, J.—Respondent sued to foreclose a material-man's and mechanic's lien under C. S., chap. 267 (secs. 7339–7382). Appellant denied that White, who contracted for the labor and materials, was the owner of the lots sought to be subjected to the lien; urged that he (appellant) had two mortgages on the premises to which the claimed liens were inferior and that no such lien for sewer construction is authorized under our statute.

As to the latter point first, a liberal construction of C. S., secs. 7339 and 7343 (*Phillips v. Salmon River Min. Co.*, 9 Ida. 149, 72 Pac. 886; *Armitage v. Bernheim*, 32 Ida. 594, 187 Pac. 938; *Abernathy v. Peterson*, 38 Ida. 727, 225 Pac. 132) and the fact that the contract contemplated the construction of a sewer in connection with and as part of the houses, bring the performed services in putting in the sewer within the purview of both sections as "performing labor upon, or furnishing materials . . . . used in the construction . . . . of any . . . . building" (C. S., sec. 7339) and improving "any lot in any incorporated city . . . . or the street in front of or adjoining the same." (C. S.,

sec. 7343; *McGill v. McAdoo,* 35 Ida. 283, 206 Pac. 1057; *Williams, Belser & Co. v. Rowell,* 145 Cal. 259, 78 Pac. 725.)

As said in *Chamberlain v. Lewiston,* 23 Ida. 154, 129 Pac. 1069, which announces a doctrine different than that declared in *Fleming v. Prudential Ins. Co.,* 19 Colo. App. 126, 73 Pac. 752, upon which appellants rely:

" . . . . It is apparent from a number of our statutes authorizing liens of various and sundry kinds that the true test meant to be applied by the legislature is the value of the labor or material furnished and used in or about the construction or other works. . . . .

"Considerable has been said both in the briefs and the oral argument as to the extent of lien to be allowed in this case should any lien be allowed at all. The extension pipe and intake were to be constructed out in the bed of the Clearwater river. The work was done there. No work was actually and literally done upon any of the pipe or machinery or any part of the present water system and so it is insisted that whatever lien there is can only attach to the bed of the stream where the work was carried on. This contention overlooks the fact that the contract called for a repair or alteration to the water system and pumping plant which would attach itself to and become a part of the system. The contract called for extending the pipe out into the stream, setting a steel cage there to inclose the intake to the pipe and certain works necessary and essential to the completion of this repair or alteration. This would have been a part of the system had it been carried out and completed as the contract called for. This could not be completed by the first load of material or the first day's labor or the second day's labor. The work may have been commenced in the middle of the stream or it may have been commenced at the end of the water pipe. This, however, is immaterial for the purposes of the lien."

While the evidence is extremely sketchy, there is sufficient to warrant the finding that after the contract for the improvements was made and during the construction period, title passed on April 18, 1925, from Fargo to White

and that at all times Fargo knew the improvements were being made and that title was now in White. Under these circumstances the lien properly attached since the work was done at the instance and request of the vendee in possession who completed his contract and became the owner. (18 R. C. L., p. 886, note 10; 40 C. J. 110.)

*Parker v. Northwestern Inv. Co.,* 44 Ida. 68, 255 Pac. 307, is clearly distinguishable because there title never passed to the vendee who contracted for the labor. (40 C. J. 340.)

■ As to the proposition that the lien may attach only to the vendee's interest (C. S., sec. 7344; *Mentzer v. Peters,* 6 Wash. 540, 33 Pac. 1078), when the lien was filed and the suit tried the vendor had no interest except by reason of his mortgages, thus clearly distinguishing the situation from *Steel v. Argentine Min. Co.,* 4 Ida. 505, 95 Am. St. 144, 42 Pac. 585; *Nicholson v. Smith,* 31 Ida. 544, 174 Pac. 1008; *Justice v. Heiter,* 41 Ida. 349, 237 Pac. 117.

If the vendee had not completed the purchase, the lien claimant would take only the vendee's interest. (*National Bank v. Williams,* 38 Fla. 305, 20 So. 931; *Biddle Concrete Co. v. McOlvin,* 90 W. Va. 760, 111 S. E. 843.)

It will be noted that the question of a vendor's lien and a vendor's rights thereunder as against the mechanic's lien are not in the case at bar, nor is there anything to show that the mortgages were purchase price mortgages. (*Gunter v. Ludlam,* 155 Ark. 201, 244 S. W. 348.)

■ Appellant, however, urges that his mortgages are superior to the lien. The mortgages were dated October 29, 1924, and April 18, 1925, but it is not indicated when they were recorded. The lien was filed January 26, 1926. There is therefore nothing to show such mortgage liens to be superior to the mechanic's lien of respondent (C. S., secs. 5378, 5424, 5425, 7345; *Pacific Coast Pipe Co. v. Blaine County Irr. Co.,* 32 Ida. 705, 187 Pac. 940), it not appearing that the respondent had notice of the mortgages at the time the work commenced.

The appellants not being the owners of the property and not having contracted for the improvements, there is no

justification for the entry of a personal or deficiency judgment against them.

The judgment of foreclosure is affirmed but not that portion of the judgment granting a deficiency against the appellants.

No costs awarded.

T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.

Budge, C. J., did not participate in this decision.

Petition for rehearing denied.