CURTIN-CLARK HARDWARE COMPANY, Respondent, v. E. P. CHURCHILL et al., Appellants.

Kansas City Court of Appeals, June 24, 1907.

1. **MECHANICS' LIENS: Landlord and Tenant: Substantial Improvement: Leasehold and Fee.** When a lessor contracts with his lessee for the making of improvements of substantial benefit on the leased premises, materialmen are entitled to liens for their unpaid accounts against the estates of the lessor and lessee. [Following Dougherty-Moss Lumber Company v. Churchill. 114 Mo. App. 578.]

2. ———: ———: ———: ———: **Evidence.** But where in the contract the landlord only consents that improvements may be made, without imposing any obligation that they shall be made, his reversionary estate will not be subject to the liens of materialmen for such improvements; but the lease in this case imposes an obligation to make the improvements, and oral evidence as to the lessor's intention or reluctance in entering into the matter can not vary the effect of the contract.

3. ———: ———: ———: **Use of Premises.** The value of the real property to its owner consists not only in its price on the market, but the rental value, as well as its adaptability for the use to which the owner devotes it; but in this case the improvements are to be classed as a substantial betterment of the freehold, since they adapted it to the use the owner desired to make of it; and the mere fact that the owner has derived no pecuniary benefit from the improvement will make it none the less a betterment.

4. ———: ———: ———: **Recorded Lease: Statute.** A mechanics' lien is a creature of the statute, and while it must have its inception in contract with the owner it cannot be destroyed or impaired by an agreement in such contract, even though recorded, that the contractor or lessee shall do the work at his own cost and protect the owner's estate against liens.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*C. F. Strop* and *Eugene Silverman* for appellant.

(1)  Every person must ascertain at his peril the title of the person with whom he is contracting and for whom he is furnishing material and labor, and in order to charge the fee it is necessary that there be a contract between the owner of the fee and some person, who, under the mechanic's lien law is called an original contractor, that the improvements are to be made and unless there is such a contract the lien must fail.  Mill Co. v. Brundage, 25 Mo. App. 268; Kling v. Railroad, 4 Mo. App. 574; Horton v. Railroad, 84 Mo. App. 602. (2)  If there is no agreement authorizing the lessee to make repairs or improvements at the expense of the lessor, there can be no lien against the fee for improvements made by the lessee.  Marble & Granite Company v. Handlan, 85 Mo. App. 313; Mills v. Mathews, 7 Md. 315; Koenig v. Mueller, 39 Mo. 166; Johnson v. Dewey, 36 Cal. 623; McClintock v. Criswell, 67 Pa. St. 183; Louer v. Bandow, 43 Wis. 556; Conant v. Breckett, 112 Mass. 18, and cases cited.  (3)  There can be no implication of law that the lessor must pay for the improvements when by the express terms of the contract they were to be paid for by the lessee. Hoolan v. Bailey, 30 Mo. App. 585; Clarke v. Kane, 37 Mo. App. 258; Mansur v. Murphy, 49 Mo. App. 266; Skeen v. Johnson, 55 Mo. 24 · Holmes v. Board, 81 Mo. 137.

*Vories & Vories* and *Willard P. Hall* for respondent.

(1)  The opinion of this court in Dougherty-Moss Lumber Company v. Churchill, 114 Mo. App. 578, was

right, and should be adhered to.   (2)   The opinion of this court in the Dougherty-Moss case covers the present case fully and controls and governs it.   (3)   Plaintiff was entitled to a lien upon the fee because the Center Building Company · not only contracted for the construction of the improvements but also agreed to contribute toward defraying the cost thereof.   Kernen v. Walton, 11 Wash. 120; Hall v. Parker, 96 Pa. St. 109; Berclay v. Wainright, 86 Pa. St. 191.

JOHNSON, J.—Action to enforce a mechanic's lien.   The parties defendant, premises and transaction are the same as those before us in the case of Dougherty-Moss Lumber Co. v. Churchill, 114 Mo. App. 578, and we refer to the opinion in that case for a statement of facts which appear in the present record.   Additional facts are before us which the appealing defendant argues serve to differentiate the two cases.   They will be found in the findings of fact made by the trial court (a jury being waived by the parties) which are as follows:

"The Court, in addition to the facts stated in the agreed statement of facts, does find from the evidence that at the time the lease mentioned in evidence between the Center Building Co. and E. P. Churchill, which lease was assigned to the Lyric Theater Co. was entered into and prior thereto the premises mentioned in said lease were and had been vacant and unoccupied and that since under the terms of said lease said parts of said premises were changed from a hotel into a theater building; and rental and income has been derived by the Center Building Co. therefrom save where the tenant failed to pay the rent.   That at the time said lease was entered into it was known and understood between the parties thereto that a large sum of money would   necessarily be spent   in making said changes and that much labor and large quantities of material were necessary therefor.   It was further · un-

derstood and agreed between said parties that at the expiration of said lease, or upon a forfeiture of the same for any cause set forth in the lease, all of said improvements made should immediately become the property of the Center Building Co.; and that under said lease said property must be maintained at all times as a theater, otherwise a forfeiture would result to the Center Building Company. The evidence further shows that all interests of the said E. P. Churchill and the Lyric Theater Company under said lease have been surrendered to the Center Building Company, who are now in the possession of and absolutely own said improvements provided for in said lease. . . . The court finds from the evidence that the alteration of the premises described in the petition herein, which alteration consisted in changing a portion of said premises so that the same could be used for theater purposes instead of hotel purposes, did not enhance or increase the value of the freehold. The court further finds that the cost of restoring said premises to the condition in which they were before the same were reconstructed for theater purposes would exceed the value of all the improvements, changes and alterations made by either Churchill or the Lyric Theater Company; that the total cost of the changes, alterations and improvements made by either said Churchill or the said Theater Company, or both, was less than fifteen thousand dollars; that it would cost to reconvert said building, or the portion thereof which has been altered, into its former condition, to-wit, the condition it was in before it was adapted for theater purposes would be not less than fifteen, and probably twenty thousand dollars. . . . The court further finds that the said Center Building Company at no time (except as shown by, or may be inferred from the lease between it and the said Churchill) was desirous of having said alterations

and changes made, or was desirous of having the premises aforesaid converted for theater uses; that said lease was executed only after considerable negotiation, and the said Center Building Company only with reluctance consented that said changes or alterations be made; and that in the execution of said lease it was not the actual purpose of the said Center Building Company to procure an improvement to the freehold, but simply to make a lease of those portions of said premises as were converted into a theater."

On these facts the court entered judgment for plaintiff in the amount of its demand for materials furnished under contract with the lessee which were used in the making of the alterations by which the building was converted from a hotel to a theater and adjudged a lien against the freehold as well as the leasehold estate. Defendant Center Building Co., the owner of the fee appealed from this judgment and earnestly contends, first, that the views expressed in the opinion in the former case should be modified and, second, that should we continue to adhere to them, nevertheless, the freehold should not be held subject to the lien of plaintiff because of the facts, now appearing for the first time, that the owner of the fee when it entered into the contract of lease had no intention of making a contract for the benefit of its estate by means of the proposed alterations in the building and that the changes made by the lessee did not, in fact, enhance the value of that estate.

Nothing has been advanced that impairs our confidence in the soundness of the principles followed in the Dougherty case. We said in the opinion: "In effect, the lessor burdened the lessee with the obligation to make and pay for the necessary alterations. That it intended to derive substantial benefit therefrom is evidenced by the fact that instead of requiring at the end of the tenancy the restoration of the premises in the

condition they were when leased, the improvements were to pass to the landlord. It was to receive a theater for a hotel. Evidently the metamorphosis accomplished at such great expense was for its benefit as well as for that of the termor." And, after reviewing the authorities we held "it may be considered as settled that when the lessor contracts with his lessee for the making of improvements of substantial benefit to the estate of the former, materialmen and workmen who furnish material and labor in construction of the improvements are entitled to liens for their unpaid accounts which may be enforced against the estates of lessor and lessee. [Steeves v. Sinclair, 56 App. Div. (N. Y.) 448, affirmed in 171 N. Y. 676; Crandall v. Sorg, 198 Ill. 48; Hall v. Parker, 94 Pa. St. 109; Henderson v. Connelly, 123 Ill. 98; Hill v. Gill, 40 Minn. 441; Barkley v. Wainright, 86 Pa. St. 191; Carey v. Lumber Co., 187 Ill. 203; 2 Current Law, page 873.]" This we regard as a correct exposition of the law applicable to the facts of that case.

In cases where the lessor, either in the lease or otherwise does nothing more than consent that the lessee at the latter's option may make alterations or improvements in the premises for his own benefit and at his own cost, such consent imposes no obligation on the lessee to make the improvements and in the absence of such obligation, the lessor cannot be said to have contracted for them, and his reversionary estate will not be held subject to liens for the material and labor which enter into the improvements. But where, as in this case, no option is given the lessee, but he is compelled by his contract with the lessor to make certain alterations or forfeit his leasehold, the work should be regarded as being done under a contract with the lessor and the relationship thus established between the parties with respect to the improvement is analogous to that of owner and contractor and no reason can be per-

ceived for saying that the unpaid accounts for material and work furnished under contract with the lessee should be denied the security of a lien against the estate of the lessor under the provisions of the mechanics' lien law, section 4203, Revised Statutes 1899.

Counsel for defendant concede in their brief that "if the tenant as a part of the lease obligates and binds himself to make certain improvements, then in the making of the improvements, he is held to be acting for the landlord and the landlord is held to have consented to have the fee charged with the cost of the improvements," but insists that the provisions of the lease did not lay an obligation on the lessee to make the alterations. We think otherwise. The lease provided in express terms that the premises should be used for theater purposes only. In the condition they were in at that time, they were wholly unsuited for such use. It is true the language employed in prescribing the general character and nature of the alterations which both parties intended should be made contains no stronger expression than that the lessee "shall have the right" to make them, but the nature and location of the various changes are accurately described and it is stipulated that "all improvements made by the said lessee as aforesaid shall be at his own expense and on his own account, and shall, at all times, be made under the direct supervision and subject to the approval of E. J. Eckel, architect," who was the agent selected by the owner to protect its interests to the end that the improvements when completed should be of the extent and character contemplated by the parties when the lease was made. How can it be said with show of reason that nothing more than a mere option was given the lessee to make these alterations? He had to conduct a theater on the premises or forfeit his lease. He could not have used the premises for that purpose without making the alterations, and the parties agreed on just what should be done. They

intended to make it obligatory on the lessee to make the improvements and that intention is clearly expressed in the written contract.

Further, the lease provides that the improvements made by the lessee shall revert to the lessor at the end of the term. The inclusion of this stipulation indisputably evidenced an intention on the part of the lessor to contract for an improvement of substantial benefit to the freehold. Its purpose, as we observed before was to receive a theater for a hotel. We are not overlooking the fact that the officers of defendant testified in the present case that they entered into the contract of lease with great reluctance and without any thought of enhancing the value of the fee by the proposed alteration of the building, but oral evidence of this character cannot be received to alter or contradict the written contract and as that instrument is free from ambiguity, the intention the parties had in making it must be collected from its terms.

Defendant vainly endeavors to gain advantage from the fact found by the learned trial judge that the value of the freehold was not enhanced by the transformation of the building. The only support for this finding to be found in the record is the testimony of experts to the effect that the market value of the property was not increased by the change. But the value of real property to its owner consists not only in the price that may be obtained for it on the market, but also in its rental value and its adaptability for the use to which the owner would prefer to devote it. The conclusion of the experts appears to be based largely on the opinion that from a pecuniary standpoint the theatrical business is especially uncertain, but some of the witnesses stated on cross-examination that property rented for such purpose commands a higher rental than can be received for it if occupied by a business of a less hazardous nature. And it is reasonable to infer from the facts

before us that defendant was induced to contract for the establishment of a theater on its premises by the consideration that such business would be successful and would produce a higher revenue than could be derived from the rental of the property for another purpose. But, however this may be, the alterations are to be classed as a substantial betterment of the freehold, for the reason that they made the property adaptable to the use the owner desired to make of it. It is well settled in cases where the improvement is made by a contractor under a contract with the owner that the right of materialmen and laborers to liens for material and labor furnished in the construction is not affected by the fact that the owner has derived no pecuniary benefit from the improvement, and the same rule should be followed in the present case. An improvement must be held to be a betterment when it places the premises in the condition the owner would have them.

The lease, shortly after it was executed, was filed for record and therefore, the plaintiff had constructive knowledge of its terms. From this fact, it is argued that no injustice would be done to plaintiff should its right to a lien against the freehold be denied, since it had notice that the improvement was to be made at the cost of the lessee and therefore, had no right to furnish the material on the credit of the building. A right to a mechanics' lien is a creature of the statute (Badger Lumber Co. v. Knights of Pythias, 157 Mo. 366.) and while it must have its inception in a contract made with the owner, it cannot be destroyed or impaired by an agreement in such contract that the contractor or lessee shall do the work at his own cost and protect the estate of the owner against liens. Observing that defendant had contracted with its lessee that alterations should be made by the latter for the benefit of the freehold, plaintiff had the right to assume that the lessee was acting as the agent of defendant for the purpose of subjecting

the estate of the latter to mechanic's liens, and to rely on the security thus offered.

It follows that the judgment must be affirmed. All concur.