## DIERKS & SONS LUMBER COMPANY, Appellant, v. ALBERT F. MORRIS et al., Respondents.

**Kansas City Court of Appeals, April 7, 1913.**

1. **MECHANIC'S LIENS: Landlord and Tenant: Improvements: Leasehold and Fee.** The mere inclusion in a lease of a covenant to repair does not of itself render the lessee a "contractor" of the lessor so as to bind the latter's interest with a lien. The improvement must be of such a character and extent, or made under such circumstances as to show that they were made either by the lessor acting through the lessee as his agent or for the lessor's immediate use and benefit, before the lessor's interest in the land can be bound.

2. ————: ————: ————. Where a lease has ninety-six years yet to run, and the improvements were made by the lessee in which the lessor took no part, but stipulated that they should be made at lessee's expense and that no lien therefor should bind the fee, the lienman cannot claim a lien in the freehold interest, not because of the stipulation forbidding it in the lease, but because there is nothing in the facts herein to show that the lessee in making the improvements acted as the agent of the lessor within the meaning of that term as used in the Mechanic's Lien Statutes.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*Pew & Proctor* for appellant.

(1) The court should have sustained the lien claimed by plaintiff against the freehold interest of respondent Helen O. Orear, because under the lease Helen O. Orear required the improvements, into which the materials furnished by appellant entered, to be made, and constituted the lessee, Comet Realty Company, her agent to make the said improvements. Dougherty-Moss Lbr. Co. v. Churchill, 114 Mo. App. 578; Curtin & Clark Hdw. Co. v. Churchill, 126 Mo. App. 462.

*McCune, Harding, Brown & Murphy* for respondents.

(1) Statutes provide the remedy and extent of a mechanic's lien on a leasehold interest. Sec. 8216, R. S. 1909; Sec. 8212, R. S. 1909. (2) Materialman can only have lien on leasehold interest under a contract with lessee. Jones on Liens, secs. 1276-1277; Cornell v. Barney, 94 N. Y. 398; Knapp v. Brown, 45 N. Y. 212; Albaugh v. Litho. Co., 14 App. D. C. 113.

TRIMBLE, J.—Suit for the enforcement of a mechanic's lien against a building and the lot on which it stands. Defendant Helen O. Orear owns the fee subject to a ninety-nine year lease given by her to the Comet Realty Company, which lease was duly recorded prior to the furnishing of the materials for which the lien is sought.

The only question involved is whether or not plaintiff is entitled to a lien against the freehold interest. The trial court rendered a general judgment

against Morris & Kemp, the contractors, for $801.25, the balance due on the account, and made the judgment a lien against the leasehold interest held by the Comet Realty Company, but denied a lien as to the interest owned by Helen O. Orear. Plaintiff appeals, claiming that it is entitled to a lien against the interest of both these defendants.

The ninety-nine year lease, above referred to, contains two paragraphs which are as follows:

Section 4. The lessee further covenants and agrees to keep the improvements now on said property in good repair and that it will at its own cost and expense expend within the first year of this lease not less than the sum of five thousand ($5000) dollars for additions and improvements to the building on said demised premises, subject to the approval of lessor as to character of construction.

Section 12. All and singular the stipulations, covenants, agreements and conditions contained in this lease shall inure to the benefit of and bind the heirs, successors, assigns and legal representatives of lessor and of lessee, respectively. It is further stipulated and agreed that in all provisions of this lease wherein dates and periods of time are named, that time is strictly of the essence of the contract herein expressed. Nothing in this instrument is intended, nor shall confer on the lessee, its successors, assigns or legal representatives, any right or legal authority to impose any mechanic's lien on the fee of the said demised realty for any work or labor done, or material furnished, under any contract therefor on behalf of any contractor with lessee, his heirs, assigns, or legal representatives, but any such lien claim shall affect and attach only to the leasehold rights and interests acquired by the lessee hereunder.

At the time the lease was executed there was a three-story store building on the premises partitioned off into small rooms on the second and third floors.

Upon taking charge under its lease, the Comet Realty Company entered into a contract with Morris & Kemp, the contractors herein, by which the following improvements and repairs were made:

They built an addition to the rear of the building forty feet in length and twenty-five feet in width; placed a concrete floor in the basement, a new floor on the first floor, and patched the floors on the second and third floors; placed a new plate glass front on the first floor and tore out all of the partitions on the second and third floors, making the space on each floor the full length of the building, including the addition to the rear; changed the stairs, removing them from the front to the back of the elevator on the first floor; plastered the walls throughout the building, and constructed a concrete driveway from the alley down to the basement of the building.

The materials for which this lien is sought were furnished Morris & Kemp under this contract and were used by them, but the evidence does not show what part went into the construction of the addition nor what part was used in the remodeling and repairs.

No contract or personal dealings of any kind were shown on the part of Helen O. Orear with either the plaintiffs or the contractors in reference to the work done on the building.

The rent reserved in the lease was $3000 per annum, payable quarterly, for the first ten years, $3300 per annum for the next ten years, and $3500 per annum for the remainder of the term, seventy-nine years.

Under the facts in this case is the plaintiff entitled to a lien against the reversionary interest?

A great many cases from other States have been cited as bearing upon the question here involved. But so much depends upon the language of the statutes in each particular case that many of them cannot be relied upon as safe guides in determining the point in

controversy. The wording of our statute must of course control, and we are therefore confined largely to the authorities from this State in reaching a conclusion as to what that language means.

An examination of our statute discloses that whenever a mechanic's lien is attempted to be established against an interest in land, it must have, as its ultimate foundation, a contract made with the owner of that interest or with that owner's agent. [Sec. 8212, R. S. Mo. 1909.] So that unless it can be said, either as matter of law or as a legal inference arising from the facts, that the Comet Realty Company was the agent of Helen O. Orear to make the improvements and repairs, the lien cannot be established against her interest.

Now, can it be said that merely by reason of the fact that a lessee covenants with a lessor to make certain repairs and improvements which will become the property of the lessor at the end of the term, this necessarily makes the lessee an agent of the lessor so as to bind the latter's freehold interest with a lien for the materials used in the improvement? If so, then no matter what is the character and extent of the improvements, nor how strong the language of the lease denying to the lessee the authority to bind the lessor's interest with a lien, the latter will nevertheless be bound, because the lien is a creature of the statute; and whenever the lessee, in contracting for improvements, acts as the "agent" of the lessor, within the meaning of that word as used in the statute, the freehold is bound by the lien regardless of the inhibitory terms of the lease.

At common law the burden of making improvements and keeping up repairs was on the tenant. There was no obligation on the part of the landlord to do so. And our mechanic's lien laws should be construed in harmony with this principle unless the language of the statute is to the contrary.

Defendant contends, that section 8216 of our statute clearly distinguishes the right to a lien as between the holder of the fee and the holder of the leasehold. It is true that section, in the case of leased property, gives a lien on the building and on the leasehold term, and provides that the purchaser under the lien proceedings shall be held to be an assignee of the leasehold term and shall have the right to pay the rent and all arrears and thus prevent a forfeiture for nonpayment thereof, unless the lessor has regained possession of the property for lessee's noncompliance with the terms of the lease prior to the commencement of the improvements, in which case the purchaser under the lien can remove the improvements, within sixty days after he shall purchase the same, and the owner shall receive the rent down to the date of the removal of the building.

But as this section may be aimed at those instances where the lessor has not required the improvements to be made, or has merely permitted them to be made, it is not decisive of the question in this case. And we are, therefore, thrown back on the other sections of our statute in order to ascertain what will constitute an "agent" of the "owner or proprietor" with whom the contract for the improvements must be made. For, if solely by reason of the covenant to improve, the Comet Realty Company is made the "agent" of Helen O. Orear, or if, by reason of the nature, character and extent of the improvements and the circumstances under which they are made, said company becomes her "agent" then the lien should extend to her interest without regard to the terms of the contract between them.

It would seem to be clear that the mere covenant to improve contained in the lease would not create the relation of agency between Mrs. Orear and the Comet Realty Company. As said in Albaugh v. Litho-Marble Co., 14 Appeal Cases D. C., the covenant "involves

no theory of agency, but quite the reverse. The parties to the lease dealt with each other, not as principal and agent, but practically as adverse parties. To hold that a lessor covenanting with a lessee for the security of his interest under the lease, the payment of rent probably, should construct a building upon the land in the place of one to be demolished, would thereby and by virtue of such covenant make the lessee his agent and bind himself personally, as well as his property, for the contract of the lessee in the perfomance of his covenants, seems to us to be wholly without warrant either in law or in reason; we greatly question whether even the most positive legislation could impose liability upon one person for the obligation of another in such a contingency. Certainly no such liability is sought to be imposed by our mechanic's lien law. The covenant in question is itself evidence of the intention of all the parties that the lessor should not be bound."

So that in order to make such covenant constitute an agency between the lessor and lessee we are necessarily bound to look at the facts to determine whether there was an agency or not. If on account of the shortness of the lease, the extent, cost and character of the improvements, or other facts in evidence, such as the participation by the lessor in the erection or construction thereof, it can be seen that the improvement is really for the benefit of the lessor and that he is having the work done through his lessee, then it can be said with justice that the lessee in such case is acting for the lessor. But, if the facts do not show this, it would seem to be untenable to say that the mere inclusion in a lease of a covenant to improve and repair on the part of the lessee will create the relation of agency between the tenant and the landlord, especially where the tenant is to do the work at his own expense and is expressly denied any authority to bind the landlord.

And our statute and decisions bear this out when they are carefully examined. For while section 8212 gives the right to a lien on condition that the material is furnished "under or by virtue of any contract with the owner or proprietor thereof, or his agent," section 8214 gives this lien "to the extent, and only to the extent, of all the right, title and interest owned therein by the owner or proprietor of such building erection or improvement, and for whose immediate use or benefit the labor was done or the things furnished." And section 8234 defines "owner or proprietor" to be the person "for whose immediate use, enjoyment or benefit any building erection or improvement shall be made." So that, if the repairs and improvements in this case are for the immediate use, enjoyment or benefit of the lessee and not of the lessor, section 8214 gives the lien to the extent and only to the extent of lessee's interest. And if section 8216 applies to a case where there is a covenant to improve in the lease, then it also restricts the lienor to the relief therein provided. It will be noticed that by its terms this section is not restricted to cases where there is no such covenant. Of course, in a sense, an improvement is a benefit or may become a benefit to the holder of the fee, but it is only by looking at the circumstances of each case that it can be determined whether the repairs and improvements are for the "immediate benefit" of the fee. Besides, these words do not define the word "agent" but only the words "owner or proprietor."

Passing to our decisions, we find that every one of them, which hold that the fee is bound by the lien, do so only after examining the facts to see whether or not the lessee is in fact doing the work for the lessor, or whether the improvement is for the present or immediate benefit of the reversionary or freehold interest.

In the cases of Dougherty, etc. Co. v. Churchill, 114 Mo. App. 578 and Curtain, etc. Co. v. Churchill, 126 Mo. App. 462, the lessee was bound to change a

hotel into a theater. at an expense of $20,000 and the property became the lessor's at the end of ten years. Besides, the lessor obligated the lessee to build and placed no restriction on his authority to bind with a lien. And the court held that presumptively the lessor made the lessee his agent to bind the whole property for the improvements. But in the case now before us the clause saying the lessee shall have no such authority takes away any such presumption.

In the case of Winslow Brothers v. McCully, 169 Mo. 236, the court bound the freehold interest because the evidence showed that the owner of the fee was really having the work done by the lessee as a mere straw man. On page 248 the court says the lessee was in reality the *alter ego* of the lessor, the Van Raalte Investment Company. And on page 244 the court says the mere fact "that the tenant has contracted with the owners to make certain improvements on the leased premises, does not make the land or the landlord's interest in the land subject to a mechanic's lien. For in such cases the tenant acts for himself and is not the agent of the owner." In this case also the court held that it was proper to instruct the jury that if it was the intention, purpose and understanding between the fee owner and the lessee that the latter should complete the building for the immediate use, enjoyment and benefit of the lessor, and it was completed in pursuance to that understanding, then plaintiff was entitled to a lien against the fee.

In Crandall v. Sorg, 198 Ill. 48, the lessor was jointly interested with the lessee in erecting the improvements which were to cost $300,000 while the price of the lot on which they were erected was a much smaller sum. The court held that the defendant Sorg was not an ordinary lessor but was actively engaged in erecting the building, and did not provide that the lessee should have no authority to bind his interest with a lien, but merely contented himself with a

stipulation that if any liens were created the lessee would pay them and hold him harmless.

The case of Carey Lombard Investment Co. v. Jones, 187 Ill. 203, was decided under a statute of that State which authorized a lien against a lessor's freehold if the latter "authorized or knowingly permitted" the lessee to improve the premises, a statute vastly different from ours. In addition to the statute in that case the court held that by the terms of the lease the right of the lessee to create a lien was recognized and a provision for forfeiture was made in case any were created. Furthermore, the improvements consisted of a building to cost not less than $6000 and the lease was for only five years with privilege of the lessor to terminate sooner and the lessor had in fact terminated the lease and the lessor was insolvent.

We have carefully gone through all of the cases cited by appellant and find that in all of them there is either a statute which by its peculiar terms authorizes a lien against the freehold without reference to the question of agency, or the facts were such as to make the owner of the freehold directly responsible for the improvements.

On the other hand the principle is laid down that a provision in a lease expressly requiring the lessee to make specified improvements or repairs does not make the lessee, in so doing, the agent of the lessor so as to bind the reversion of the lessor with a mechanic's lien therefor. [20 Am. & Eng. Ency. of Law (2 Ed.), 319; Cornell v. Barney, 94 N. Y. 394; Rothe v. Bellingrath, 71 Ala. 55; Morrow v. Merritt, 16 Utah, 412.] It is true the text says there are decisions to the contrary, but those contrary decisions without exception, in the facts stated, show either a participation by the lessor in the building in addition to the mere covenant in the lease, thus making the lessee actually the agent of the owner to erect the building, or that the case was decided under statutes which so defined the word agent

as to bring the person ordering the improvements within the meaning of that term.

And it has been held that the fact that the lease requires the improvement to be made does not render the lessee a "contractor" of the lessor. [20 Am. & Eng. Ency. of Law (2 Ed.), p. 320; Block v. Murray, 12 Mont. 545.]

So that we are constrained to hold that the mere inclusion in a lease of a covenant to improve and repair does not of itself make the lessee the "agent" of the lessor within the meaning of the mechanic's lien statute. But, in order to bind the interest of the lessor the improvement must be of such a character and extent or made under such circumstances as to show that the improvements were made either by the lessor acting through the lessee as his agent, or made for his, the lessor's "immediate use, enjoyment or benefiit."

This brings us down to the facts in the case as to the character of the improvements and the circumstances under which they were made. No dealings of any kind are shown on the part of Mrs. Orear. The improvements consisted in repairing a three-story store building already on the ground. It is true an extension of or addition to the building was made, but there is nothing to show what part of the materials of this claim were used in the repairs nor what part in the extension. Some of them were used in changing the interior arrangements which presumably were for the convenience of the lessee in his business. The record does not show that the rents were increased by the change or that the value of the freehold has been enhanced for the purpose for which the lessor was using the property prior to the time of the lease. No declarations of law or finding of facts were given from which it can be determined whether the improvement is for the immediate use and benefit of the freehold interest or not. In fact it would appear that such bene-

fit will not accrue until the end of the ninety-nine years and the lease has ninety-six years to run yet. By that time the improvements made will have de- cayed. There is no showing that the Comet Realty Company is insolvent or that the lease is in any dan- ger of being foreclosed. The improvements were made on a three-story store building on Grand avenue in Kansas City and cost $5000; the rent is $3000 a year and the freehold interest is subject to a lease which has ninety-six years to run. There is nothing to show that there is such an entire change of the property as to redound to the immediate benefit of the freehold. The trial court must have thought it was not for the benefit of Mrs. Orear since it found in her favor. There is no hint or claim of fraud or unfair dealing between the lessor and lessee herein, or of lack of no- tice to the materialman. In order to reverse this case and direct the freehold interest to be subject to the lien, we must hold that simply because the lease con- tained a clause by which the lessee obligated itself to make certain repairs and improvements, this made it the agent of the lessor so as to bind the freehold in- terest with a mechanic's lien regardless of the facts. We are unwilling to go thus far. We do not wish to be understood as holding that a lessor can, by merely providing in the lease against liens, set aside the me- chanic's lien law. We make no such ruling. Wher- ever the facts show that the improvements are really for the present benefit of the freehold interest, or that they are made under such circumstances as to indicate that the lessor is really having the improvements made or that he has constituted the lessee his agent to make them, or where, by reason of the terms of the lease, the value and extent of the improvements and the relative length of the term, it can be seen that the improvements substantially increase the value of the freehold interest primarily and not merely as a fu- ture incidental matter, then the lien against the les-

sor's interest will be upheld without regard to the language of the lease concerning liens. Upon the facts in the case before us, however, we are not able to say that those conditions or any of them exist, and we, therefore, follow the trial court, and affirm the judgment. All concur.