SAMUEL CLINTON MARTY, Appellant, v. HIP-
PODROME AMUSEMENT COMPANY, and
METROPOLITAN STREET RAILWAY COM-
PANY, Respondents.

### Kansas City Court of Appeals, June 30, 1913.

1. MECANIC'S ·LIENS: Landlord and Tenant: Freeholds and
   Leaseholds. Plaintiff sued to enforce a mechanic's lien for
   materials furnished for the repair and alteration of a building
   on premises leased by defendant railway company to its co-
   defendant. The materials were furnished under a contract to
   the lessee, the Amusement Company. This action is to enforce
   a lien for such materials against the freehold as well ·as the
   leasehold estate. The lessee in its lease agreed to repair, etc.,
   the building at its own expense, estimating the repairs to
   amount to $8000 for which amount it gave ˙bond to the lessor.
   ·Repairs thereafter made cost over $30,000. *Held*, that the
   amusement company cannot be said to have acted as the
   agent of its landlord, nor will the estate of the latter be held
   bound for labor and materials furnished under contract with
   it alone.

2. ——: ——: ——. Where there is no evidence tending
   to show that any consideration was to be paid by the lessor;
   that the improvement substantially enhanced the present
   value of the freehold estate, was made in part for the benefit
   of the lessor, or that the lessor did anything to constitute the
   lessee its agent for the improvement of the building a lien
   on the freehold will not be upheld.

Appeal from Jackson Circuit Court.—*Hon. Thos. J.
Seehorn*, Judge.

AFFIRMED.

*Haff, Meservey, German & Michaels, S. D. Newkirk*
and *W. W. Filkin* for appellant.

*John H. Lucas* and *Hogsett & Boyle* for re-
spondents.

JOHNSON, J.—This is an action to enforce a mechanic's lien for materials furnished for the repair and alteration of a building on premises leased by the defendant Railway Company to its codefendant. The materials were furnished under a contract with the lessee but the object of the suit is to enforce the lien against the freehold as well as the leasehold estate, on the ground that the lessee in making the improvements was acting as the agent of the lessor as well as in its own behalf. A jury was waived and the court rendered personal judgment against the lessee and adjudged that the leasehold estate be subjected to a lien for the amount of plaintiff's demand but held that no lien had attached to the freehold. Plaintiff appealed.

The facts of the case are as follows: The Metropolitan Street Railway Company owned the premises at the southwest corner of Twelfth and Charlotte streets in Kansas City and had built thereon a brick power house 300 feet long and 125 feet wide, which later it converted into a street car barn and for some years used as a storage place for cars. The floor was covered with tracks and there was a pit under a part of the tracks used by workmen in the repairing of motors and bottom parts of cars. The roof had been allowed to become and remain in a leaky condition and the building could not be used for any other purpose without the making of repairs and alterations.

On September 5, 1908, the railway company entered into a written lease with Joseph R. Donegan by the terms of which it leased the premises for a term of three years at a monthly rental of $416.66. Donegan assigned the lease to the Hippodrome Amusement Company with the consent of the lessor and the assignee entered into possession and proceeded to repair the buildings and make alterations to change it into a place of amusement. The lessee was given the privilege of an extension of the term "for an additional period of two years at such increased rate as may be

agreed on, and if not agreed on, as fixed by arbitrators."
Other material agreements in the lease were that the
premises were let "in the present condition thereof,"
that the lessee "intends to remodel and improve said
premises at his own expense on estimated cost of eight
thousand dollars, the cost of said improvement to be
borne by the party of the second part (lessee) and the
party of the first part to be indemnified from a loss
therefrom" and that the lessee "before beginning such
improvement shall execute and deliver to the party
of the first part a good and sufficient bond to be ap-
proved by the party of the first part, the same to be
equal in amount to eight thousand dollars, conditioned
that the party of the second part will pay all bills for
material and labor, arising out of said improvement and
protect the party of the first part from mechanic's,
materialmen's or labor liens on said premises, and
said improvement shall not be begun until this stipula-
tion is complied with and the party of the first part
protected against loss by reason thereof."

The lessee agreed "to use said premises for pur-
poses of amusement only" and "at the expiration of
term hereby created whether determined by lapse of
time or otherwise, to surrender to first party quiet
and peaceable possession of premises hereby let with
all appurtenances and fixtures in as good condition
as same now are the usual wear and tear and damage
or destruction by fire without fault of second party
or by any providential means excepted."

Further the lease provided for a forfeiture in case
of the breach of any of the covenants and conditions
to be performed by the lessee.

The amusement company gave a bond in the sum
of $8000 to the railway company pursuant to the
terms of the contract, but instead of spending
$8000 in the improvement and repair of the building,
made repairs and improvements costing over $30,000.
There is no evidence that the railway company con-

sented to these additional improvements or even knew that they were made until after the lessee had defaulted in the performance of conditions of the lease and surrendered the premises. The materials furnished by plaintiff were sold to the amusement company and used in these repairs and improvements.

There is no evidence tending to show that any consideration for the proposed improvement of the building was to be paid by the lessor; that the improvement substantially enhanced the present value of the freehold estate, was made in part for the benefit of the lessor, or that the lessor did anything to constitute the lessee its agent for the improvement of the building. Certainly no such inference may be drawn from the terms of the lease which show beyond question that the lessor leased the building in its present condition with the understanding and agreement that the lessee would accept it in that condition and at its own expense, and on its own responsibility would make repairs and improvements necessary to adapt the building to the use the lessee intended to make of it.

In order to hold the freehold it devolved on plaintiff to show that the lessor had constituted the lessee its agent to contract on its behalf for improvements of substantial and present benefit to the freehold. Such agency would be implied from stipulations in the lease which compelled the lessee to make certain specified improvements of apparent value to the freehold and which provided that such improvements should pass to the lessor at the end of the term. [Lumber Co. v. Churchill, 114 Mo. App. 578; Hardware Co. v. Churchill, 126 Mo. App. 462; Lumber Co. v. Morris, 170 Mo. App. 212, 156 S. W. 75.] Speaking through Trimble, J. we say in the last case cited:

"Wherever the facts show that the improvements are really for the present benefit of the freehold interest, or that they are made under such circumstances as to indicate that the lessor is really having the im-

provements made, or that he has constituted the lessee his agent to make them, or where, by reason of the terms of the lease, the value and extent of the improvements, and the relative length of the term, it can be seen that the improvements substantially increase the value of the freehold interest primarily, and not merely as a future, incidental matter, then the lien against the lessor's interest will be upheld, without regard to the language of the lease concerning liens."

The present case does not fall within that rule but belongs to the class where the lessee, with the consent of the lessor, makes repairs and improvements at his own expense for the benefit only of his own estate. In such case he cannot be said to have acted as the agent of the landlord nor will the estate of the latter be held bound for labor and materials furnished under contracts with him alone. The judgment is affirmed. All concur.