## BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD.

# COURTS OF APPEALS

### AT THE

## OCTOBER TERM, 1917.

---

WEIS & JENNETT MARBLE COMPANY, Appellant, v. WILLIAM W. GARDINER, Defendant, SIMON D. ROSSI, Respondent.

St. Louis Court of Appeals. Opinion Filed November 6, 1917.

1. **MECHANICS LIENS: Leases: Liability: Improvements by Lessee.** A lessor, by binding his lessee to make improvements of substantial benefit upon the demised premises, thereby constitutes the lessee his agent, within the meaning of the Mechanic's Lien Law (Rev. St. 1909, sections 8212-8237) and may thereby subject his property to a lien for labor performed and materials furnished in making such improvements under a contract with the lessee, the obligation arising from contract and not from the relation of landlord and tenant.

2. ———: **Statutes: Construction.** The Mechanic's Lien Law is highly remedial, and should be liberally construed in favor of the lien.

3. ———: **Leases: Liability: Improvements by Lessee.** Under a lease which provided that all alterations in the way of marble paneling and decorating should be made by the lessee, and that all altera-

tions, additions and improvements should become the property of the lessor, the premises leased were subject to a mechanics' lien for materials and labor furnished to the lessee in making the specified improvements.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. Kent K. Koerner,* Judge.

REVERSED AND REMANDED (*with directions.*)

*Earl M. Pirkey* for appellant.

(1) A party who furnishes work and materials for altering, repairing or improving a building under contract with a party holding a leasehold or licensed interest in the property is entitled to a lien on the materials furnished and on the building and on the leasehold or licensed interest. Section 8216, R. S. as amended by the Session Acts of 1911, page 312. (2) Where a lease binds the lessee to make improvements and provides that the improvements shall revert to the owner, this constitutes the lessee the agent of the owner to subject the building to a lien within the meaning of the mechanic's lien law. Dougherty-Moss Lumber Co. v. Churchill, 114 Mo. App. 578; Ward v. Nolde, 259 Mo. 285. (3) The mechanic's lien law should be liberally construed in favor of the lien. Crane Co. v. Epworth Hotel, Construction & Realty Co. et al., 121 Mo. App. 225. (4) The right to go on or over land is considered by the Missouri law to be a licensed interest. Hurt v. Adams, 86 Mo. App. 79, paragraph 2.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for respondent.

(1) The lease not conveying any interest in the lots on which the building in question is situated is therefore clearly a lease of two apartments in the building, the rest of which may be held separately by other tenants and the defendant Rossi, and therefore furnishes no basis for a mechanic's lien. The precise question was decided by this court in Seidel v. Bloeser, 77 Mo. App. 172. (a) In Oliver v. Dickison, 100 Mass.

114, it is said that any right-of-way or other easement necessary to the enjoyment of premises granted will pass as appurtenant thereto, although there is no express mention of easement, privilege or appurtenant. This is a well-established rule applicable to all grants of real estate (2 Wash. on Real Property, 667; 3 Kent's Com. [6 Ed.], 421; U. S. v. Appleton, 1 Summers, 492; Streets v. Seldens, Lessee, 2 Wall. 177; Witte v. Quinn, 38 Mo. App. 691). (2) As against the owner of the fee upon which the building is located, there cannot be a mechanic's lien against part of the building. This was decided by this court in the case of Seidel v. Bloeser, 77 Mo. App. 172, in which this court followed the case of Wright v. Cowie, 5th Washington 341. Orear v. Dierkes Lumber Company, 189 Mo. App. 729, 731. (3) The foundation of the right to a mechanic's lien against real estate and improvements thereon is a contract made with the owner of the same or some authority from the owner to the person contracting for the improvement of the real estate permitting him to do so. R. S. 1909, section 8212; Dierks & Sons Lumber Company v. Morris, 170 Mo. App. 212, 222; Ford v. Dixon, 171 Mo. App. 275.

BECKER, J.—This is a suit to enforce a mechanic's lien originating in the justice of the peace court in the city of St. Louis. From a judgment for plaintiff an appeal was taken to the circuit court by Simon D. Rossi, the owner of the property, one of the defendants, the other defendant, William W. Gardiner, lessee, did not appeal. The case was twice tried in the same division of the circuit court, but by different judges, each time without the intervention of a jury. On the first trial of the case *de novo* in the circuit court, judgment was rendered for the defendant. Later the trial judge set this judgment aside and granted a new trial. On the retrial a judgment was rendered in favor of Rossi, the only defendant who had appealed. In due course plaintiff brought this appeal.

The facts in the case are undisputed. In 1912 Simon D. Rossi, defendant below, respondent here,

was the owner of an office building located at the northeast corner of Kingshighway and Delmar Boulevards in the city of St. Louis, Missouri, five stories in height. The first floor of the building was subdivided into stores, and the rooms of the four floors above, each floor containing twenty-eight rooms, were rented to various tenants for offices. In the early part of the year 1912 defendant Rossi, the owner of the building, entered into a contract of lease with defendant Dr. William W. Gardiner, which lease was for a period of two years, and provided that Gardiner should occupy rooms 217 and 218 as offices for the practice of dentistry. Under the terms of the lease Gardiner was entitled to janitor and elevator service. The lease also provided as follows:

"Lessor agrees to place partitions and make such alterations as are indicated upon a plan prepared by the architect and signed by both parties and to include a tile floor in the two smaller rooms, and subdivide room 217."

"*The lessee agrees to make all other alterations in the way of marble pannelling and decorating* (italics ours) and to furnish complete room 218 as a waiting room to be used, if necessary, by future tenants who may lease rooms adjoining on the west and north upon terms agreeable to both parties."

"The lessee shall quit and surrender the premises at the end of the term in as good condition as the reasonable use thereof will permit, and shall not make any alterations, additions or improvements in the premises, without written consent of the lessor, *and all alterations, additions or improvements which may be made by either of the parties hereby upon the premises shall be the property of the lessor and shall remain upon and be surrendered with the premises as a part thereof at the termination of this lease.*" (Italics ours.)

While Gardiner was in possession of the rooms numbered 217 and 218 under his lease, he made an oral contract with the plaintiff to do the marble work, pannelling, decorating and altering of room 217. This work amounted to $110.25. No part thereof was ever

paid. Plaintiff duly served notice on the defendant Rossi, the owner of the building, then a lien was filed, and notice of suit given. Thereafter in due course suit was brought against said Gardiner and Rossi and a lien asked on the materials furnished and on the building and lots on which it is situated and on the lease and licensed interest of defendant Gardiner therein.

The principle is laid down that a lessor by binding his lessee to make improvements of substantial benefit upon the demised premises, thereby constitutes the lessee his agent within the meaning of the Mechanic's Lien Law and may thereby subject his property to a lien for labor performed and materials furnished in making such improvements under a contract with the lessee. [Ward v. Nolde, 259 Mo. 285, 168 S. W. 596; Carey Co. v. Kellerman Const. Co., 185 Mo. App. 346, 170 S. W. 449; Dougherty-Moss Lumber Co. v. Churchill, 114 Mo. App. 578, 90 S. W. 405; Curtin-Clark Hdw. Co. v. Churchill, 126 Mo. App. 28, 104 S. W. 476; McGuinn v. Federated Mines & Milling Co., 160 Mo. App. 28, 141 S. W. 467.] That obligation does not spring from the mere relation of landlord and tenant but from a contract expressed or implied between the lessor and lessee. [Carey Co. v. Kellerman Const. Co., supra.] where the lessor does no more than consent that the lessee may make improvements or alterations in the premises for the lessee's own benefit and at the lessee's cost, and where no obligation is imposed upon the lessee to make the improvements, the lessor cannot be said to have contracted for them and his estate will not be held subject to liens for the material and labor which entered into the improvements.

The Mechanic's Lien Law is highly remedial and should be liberally construed in favor of the lien. "The appellate courts of this State have always given a liberal construction to the Mechanic's Lien Law, and have administered its remedial provisions upon principles of equity. . . . " [Crane Co. v. Epworth Hotel Const. & Real Estate Co., 121 Mo. App. 225, 98 S. W. 795, and cases therein cited.]

In the instant case the covenants in the lease must be looked to as an evidence of the intention of the lessor and lessee from which, together with all other facts in the case, we can determine whether or not an agency is established within the meaning of the Mechanic's Lien Statutes.

In view of the cases cited above under the covenants in the lease requiring the lessee to make, "all other alterations in the way of marble pannelling and decorating and to furnish complete room 218, as a waiting room to be used by future tenants who may lease rooms adjoining on the west and north upon terms agreeable to both parties," and that, "all alterations, additions or improvements which may be made by either of the parties hereby upon the premises shall be the property of the lessor and shall remain upon and be surrendered with the premises as a part thereof at the termination of this lease," and the facts disclosed in the record in this case, we are of the opinion that the lessee, Gardiner, was constituted the agent of the lessor, respondent herein, within the meaning of the Mechanic's Lien Law. While it has been argued that the placing of wainscoting in the room in question did not in point of fact add anything to the value of the real estate of the owner, it must be remembered that the value of the real estate consists not only in the price that may be obtained for it on the market, but also that the rental value and also the adaptability to the use for which the owner might desire to put the rooms in question must be considered. [Curtin-Clark Hdw. Co. v. Churchill, supra, 1. c. 469.] We hold that the putting of marble wainscoting in one of the rooms under the circumstances and conditions in the instant case was an improvement of such nature as to fall within that class of cases where the improvement is to be held of substantial benefit to the estate of the lessor.

Learned counsel for appellant and respondent have most elaborately briefed and argued the question as to whether or not the instant case comes within the purview of the new section 8216 Session Acts of 1911, page 312. In view of what we have stated above the appellant

is entitled to his lien under section 8212, Revised Statutes of Missouri, 1909, and it is therefore not necessary for us to pass upon the question as to whether section 8216, Session Acts of 1911, is applicable to the case at bar. We will construe that statute when a case requiring its interpretation shall be properly before us. The judgment is reversed and the cause remanded with directions to the circuit court to enter judgment for plaintiff in conformity with the views herein expressed. *Reynolds, P. J.,* and *Allen, J.,* concur.