(July 2, 1918.)

C. M. NICHOLSON et al., Appellants, v. G. A. SMITH, JENNIE E. SMITH, GRACE M. HALL and ELSIE HALL WILSON, Respondents.

[174 Pac. 1008.]

MINES AND MINING—OPTION TO PURCHASE—LANDLORD AND TENANT—LABORER'S LIEN—PROPERTY SUBJECT TO.

1. The holder of an option contract to purchase mining claims with permission, during the life of the option, to occupy and work the same at his own expense and with certain rights and privileges, upon condition that he return to the owner a specified portion of the profits, is a lessee during occupancy of the property.

2. The owner's interest in the mining claims is not, by such an agreement, made lienable for work done at the instance of his tenant, unless, by some additional act, understanding or arrangement, he causes the work to be done, or makes the tenant his agent.

[As to estates and interests affected by mechanics' liens, see note in 45 Am. Dec. 678.]

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action to foreclose liens. Demurrer to complaint sustained and judgment of dismissal entered. *Affirmed.*

Charles E. Miller, S. S. Gundlach and Isham N. Smith, for Appellants.

The contract is not a lease. It provides that when its terms are complied with by second parties, the title passes to them. There is no reversion remaining in the owners. (24 Cyc. 878–884; 2 Blackstone, p. 1142 (\*page 318) Jones ed.)

This contract is one of option purchase within the meaning of such authorities as *Donaldson v. Thousand Springs Power Co.,* 29 Ida. 735, 162 Pac. 334; *Johnson v. Geddes,* 49 Utah, 137, 161 Pac. 910; *Cheney v. Libby,* 134 U. S. 68–84, 10 Sup. Ct. 498, 33 L. ed. 818.

Because this contract creates the relation of vendor and vendee in possession with required work, labor and improvements to be done and performed by vendee, the owners are not within the exemption of the proviso, sec. 5110, Rev. Codes, and are, therefore, liable for indebtedness incurred for labor performed in the fulfilment of the contract, at the instance of the "person in charge" of the property. (*Chicago Lumber Co. v. Dillon,* 13 Colo. App. 196, 56 Pac. 989.)

While at common law and under the statute the landlord's interest is not lienable for work done at the instance of the tenant, yet the terms of this document added clauses which create the second party the agent of the owners, as neither the ownership nor the "lease" prevented the second party from being made the "agent" of the first parties. (*Western Lumber & Mill Co. v. Merchants' Amusement Co.,* 13 Cal. App. 4, 108 Pac. 891; 27 Cyc. 56; *Higgins v. Carlotta Gold M. Co.,* 148 Cal. 700, 113 Am. St. 344, 84 Pac. 758; *Oregon Lumber & F. Co. v. Nolan,* 75 Or. 69, 143 Pac. 935, 146 Pac. 474; *Long-Bell Lumber Co. v. McCray Band Co.,* 89 Kan. 788, 132 Pac. 992.)

"As a general rule, where the contract of purchase stipulates that the purchaser shall erect certain buildings or make certain improvements, the lien will attach to and bind the

interest of the vendor even though the vendee forfeit his con-
tract.'' (27 Cyc. 61; *Shearer v. Wilder,* 56 Kan. 252, 43
Pac. 224.)

The requirement for the performance of assessment work
and the filing of the proofs of labor can be done only by the
owner or his agent or someone authorized to act for such
owner. (Snyder on Mines, ed. 1902, sec. 494; *Lavery v. Mid-
Continent Oil Dev. Co.* (Okl.), 162 Pac. 737; *Higgins v. Car-
lotta Gold Min. Co., supra.*)

The vendors not only knew that work and labor was to be
done and necessary supplies purchased to carry out the terms
of the contract, but they required the vendees to do such
work and furnish such supplies which should enrich the fee
because it was agreed they would become fixtures. Modern
authorities speak in no uncertain terms of the relationship
established by such contracts and hold the fee responsible
for the indebtedness incurred in carrying out such terms.
(*Dahlman v. Thomas,* 88 Wash. 653, 153 Pac. 1065; *Oregon
Lumber & Fuel Co. v. Nolan,* 75 Or. 69, 143 Pac. 935, 146 Pac.
474; *Myers v. Joseph A. Strowbridge Estate Co.,* 82 Or. 29,
160 Pac. 135; *Hume v. Seattle Dock Co.,* 68 Or. 477, 137 Pac.
752, 50 L. R. A., N. S., 153; 29 Cyc. 58.)

James A. Wayne and C. W. Beale, for Respondents.

The terms of the agreement stamp it emphatically as a
lease with an option to purchase, and no other intention can
be drawn from the conduct of the parties than that it was
at all times so understood by them. (*Steel v. Argentine Min.
Co.,* 4 Ida. 505, 95 Am. St. 144, 42 Pac. 585; *Block v. Murray,*
12 Mont. 545, 31 Pac. 550; *Donaldson v. Thousand Springs
Power Co.,* 29 Ida. 735, 162 Pac. 334; *Tilton v. Sterling Coal
& Coke Co.,* 28 Utah, 173, 107 Am. St. 689, 77 Pac. 758;
*Sweezy v. Jones,* 65 Iowa, 272, 21 N. W. 603.)

The lease did not create the relation of vendor and vendee,
and such relation could only exist after the lessees had exer-
cised their option to purchase by making payments. (24
Cyc. 1023.)

MORGAN, J.—Respondents own certain mining claims in Shoshone county, concerning which, on September 3, 1915, they entered into an agreement with J. D. and Watson Beebe, who later assigned their interests to the Colonial Mining & Milling Company. While this company, by virtue of the provisions of the contract, was in possession of the claims, it employed appellants to perform labor thereon. Subsequently appellants were discharged without being paid, whereupon they filed claims of lien against the property and have brought this action to foreclose them. The court sustained respondents' general demurrer to the amended complaint, which alleged, in detail, the facts above stated, and from a judgment of dismissal thereafter entered, this appeal is taken.

The material parts of the agreement mentioned, which was set forth in full in the amended complaint, will be found in the opinion in *Smith v. Beebe, ante,* p. 469, 174 Pac. 608, wherein this court held the contract to be not one of purchase and sale, but an option to buy, coupled with the right of possession under certain conditions. By the effect of its provisions, the position of the Colonial Mining & Milling Company, during the course of appellants' employment, was that of a tenant of, or lessee from, respondents. (*Settle v. Winters,* 2 Ida. 215, 10 Pac. 216; *Block v. Murray,* 12 Mont. 545, 31 Pac. 550.)

Rev. Codes, sec. 5110, provides: "Every person . . . . who performs labor in any mine or mining claim, has a lien upon the same for the work or labor done . . . . whether done . . . . at the instance of the owner . . . . or his agent; and every contractor, subcontractor . . . . or any person having charge of any mining claim, . . . . shall be held to be the agent of the owner for the purpose of this chapter: Provided, That the lessee or lessees of any mining claim shall not be considered as the agent or agents of the owner under the provisions of this chapter."

Sec. 5113 specifies what property shall be subject to the lien if, at the commencement of the work, the land belonged to the person who caused it to be performed, and concludes as follows: "but if such person owns less than a fee-simple

estate in such land, then only his interest therein is subject to such lien."

From these statutes it is apparent that respondents' interest in the mining claims is not lienable for work done at the instance of their tenant, unless they caused the work to be done, or made the tenant their agent within the meaning of the provisions of sec. 5110. To do either would require some additional act, understanding, or arrangement, over and above the granting of possession of the premises upon condition that the lessees would occupy and use the same for certain purposes and under certain rights and privileges, at their own expense, and return to the owners a portion of the profits. (See *Block v. Murray, supra.*) That the respondents ever did anything more than enter into the original option agreement does not appear from the amended complaint, and their demurrer thereto was properly sustained.

Although dealing with statutes differing somewhat from our present law, the following authorities are pertinent: *Steel v. Argentine Min. Co.,* 4 Ida. 505, 95 Am. St. 144, 42 Pac. 585; *Block v. Murray, supra; Harper v. Independence Development Co.,* 13 Ariz. 176, 108 Pac. 701; *Oregon Lumber & Fuel Co. v. Nolan,* 75 Or. 69, 143 Pac. 935, 146 Pac. 474; *Dierks & Sons Lumber Co. v. Morris,* 170 Mo. App. 212, 156 S. W. 75; *Marty v. Hippodrome Amusement Co.,* 173 Mo. App. 707, 160 S. W. 26; *Walter C. Hadley Co. v. Cummings,* 7 Ariz. 258, 64 Pac. 443; *Griffin v. Hurley,* 7 Ariz. 399, 65 Pac. 147.

We find no error in the record. The judgment appealed from is affirmed. Costs are awarded to respondents.

Budge, C. J., and Rice, J., concur.

Petition for rehearing denied.