(May 12, 1919.)

VIRGINIA MINING COMPANY, a Corporation, and PATRICK BURKE, Appellants, v. BARBARA HAEDER, ELSIE HAEDER and JACOB HAEDER, Respondents.

[181 Pac. 141.]

CONTRACTS—OPTION TO PURCHASE—PAYMENT—TIME OF THE ESSENCE—EXTENSIONS—WAIVER.

1.  A contract which binds the owner of mining property to deliver a deed upon the receipt of a certain consideration, within a specified time, but which leaves it optional with the purchaser either to make the payments or to forfeit any payments made, and under the terms of which the latter is authorized to enter into possession of the property and mine and extract ores therefrom, and ship the same upon paying to the owner a fixed per cent of the net smelter returns, to be applied upon the purchase price, is not a contract of purchase and sale nor governed by the legal principles applicable to vendor and vendee, but is merely a lease with an option to purchase.

2.  A written agreement, for a valuable consideration, extending the time within which payments upon an option contract may be made to a definite date, does not operate as a waiver of the provision in the contract making time of the essence thereof.

3.  If the purchaser under an option contract, containing a provision making time of the essence thereof, fails to make the payments within the time therein specified, or within the time to which such contract may have been definitely extended, his rights under the contract expire and the owner of the property is under no further obligation either to accept the final payment or to give a deed.

APPEAL from the District Court of the First Judicial District, for Shoshone County.    Hon. Wm. W. Woods, Judge.

Action to enforce specific performance of an option contract.    Judgment for defendants.    *Affirmed.*

Fred L. Tiffany and Joseph F. Morton, for Appellants.

The making of the last payment upon a contract and the giving of a deed are simultaneous, dependent and concurrent

acts, and neither vendor nor vendee can default the other without first offering to perform his part of the contract. (*Kessler v. Pruitt,* 14 Ida. 175, 93 Pac. 965; *Reese v. Westfield,* 56 Wash. 415, 105 Pac. 837, 28 L. R. A., N. S., 956; *Gibson v. Rouse,* 81 Wash. 102, 142 Pac. 464; *Douglas v. Hanbury,* 56 Wash. 63, 134 Am. St. 1096, 104 Pac. 1110.)

The appellant was not required or obliged to pay out its money on the last payment without receiving a deed from the respondents, as provided for in their contract. (*Brentnall v. Marshall,* 10 Kan. App. 488, 63 Pac. 93; *Gray v. Meek,* 199 Ill. 136, 64 N. E. 1020.)

James A. Wayne and H. E. Worstell, for Respondents.

The contract is essentially the same (eliminating the leasing provisions) as the contract in *Settle v. Winters,* 2 Ida. 215, 10 Pac. 216, which this court construed to be a lease with an option to purchase. In *Steel v. Argentine Mining Co.,* 4 Ida. 505, 95 Am. St. 144, 42 Pac. 585, a similar contract was construed to be merely an option rather than a contract of purchase and sale. (*Block v. Murray,* 12 Mont. 545, 31 Pac. 550; *Donaldson v. Thousand Springs Power Co.,* 29 Ida. 735, 162 Pac. 334; *Tilton v. Sterling Coal & Coke Co.,* 28 Utah, 173, 107 Am. St. 689, 77 Pac. 758.)

Where the parties themselves have by their agreement made time of the essence thereof, the contract will be so construed by the courts. (36 Cyc. 712; *Machold v. Farnan,* 14 Ida. 258, 94 Pac. 170.) Even in the absence of an express stipulation in the contract, making time of the essence thereof, on account of the character of the property covered by the option in this case, the court would construe such contract so as to make time of the essence thereof. (*Settle v. Winters, supra; Durant v. Comegys,* 3 Ida. 204, 28 Pac. 425.)

Mere indulgences given by the owner by extending the time for the making of payments, or the acceptance of payments after the same are due, or at a place different from that mentioned in the option, will not waive the time element in an option where time is made of the essence thereof. (*Machold*

*v. Farnan, supra; Prairie Development Co. v. Leiberg,* 15 Ida. 379, 98 Pac. 616.)

Where time is of the essence of a contract, payment or tender of payment within the time fixed by the contract must be made in order to give the vendee a right to enforce such contract. (*Kelsey v. Crowther,* 162 U. S. 404, 16 Sup. Ct. 808, 40 L. ed. 1017, see, also, Rose's U. S. Notes; *Kentucky Distilleries & W. Co. v. Warwick Co.,* 109 Fed. 280, 48 C. C. A. 363.)

BUDGE, J.—This action was brought by appellants to enforce the specific performance of an option to purchase an undivided interest in the Virginia Lode Mining Claim, situated on Carbon Creek, Beaver Mining District, in Shoshone county.

After appellants had introduced their evidence, the court sustained a motion for nonsuit and entered judgment accordingly. This appeal is from the judgment. The assignments predicate error upon the granting of the nonsuit. Many of the cases cited by appellants relate to contracts of purchase and sale, which are governed by the legal principles applicable to vendor and vendee. That the contract in question is not such a contract, but is merely a lease with an option to purchase, clearly appears from the pleadings, from statements of counsel during the trial, and from the following provision of the contract:

"And it is mutually agreed that in the event the party of the second part shall fail or neglect to keep or perform his part of this contract, this *option* shall be forfeited and all previous payments made shall be forfeited as well as all machinery, tools and appliances placed thereon by the party of the second part. Time is of the essence of this agreement.

"It is mutually understood and agreed that the party of the second part may enter into possession of said premises and mine and extract ores therefrom, and ship such ores upon paying to the party of the first part twenty-five per cent of

the net smelter returns from said ores, and that said royalties shall be applied upon the purchase price hereinbefore named." (*Smith v. Beebe,* 31 Ida. 469, 174 Pac. 608; *Nicholson v. Smith,* 31 Ida. 544, 174 Pac. 1008.)

Under the contract, $1 was paid down, the balance to be paid as follows, to wit: 40% or $1,481.48 on or before May 14, 1914, 30% or $1,111.11 on or before November 14, 1914, and 30% or $1,111.11 on or before May 14, 1915. The time within which payments should be made was extended from time to time by written agreement. The last one, and the only one material to the questions involved herein, was dated April 17, 1915, and provided that:

"This is to agree that we, the part owners of the Virginia Mining Claim, located on Carbon Creek, in Beaver Mining District, in Shoshone County, Idaho, do this day give an extension of time for the payment of the money coming to us on the option held by Patrick Burke, on said claim, until 90 days from the 14th day of May, 1915. The payment is extended on the following condition: That said Burke and associates agree to pay each of us $1,000 on or before May 14, 1915, together with all interest then due, and also interest for the 90 days in advance, on the said 14th day of May, 1915, on the balance owing on said option. Interest at the rate of 10% per annum on deferred payments for said 90 days extension."

The $1,000 mentioned therein, together with the accrued interest, was paid, and this controversy arises over the final payment of something over $2,200, which was to be made, as expressed therein, 90 days from the fourteenth day of May, 1915. It will be noticed that this extension carried the time of the last payment to August 12, 1915.

It is not contended that the final payment was either made or tendered by August 12, 1915. There is evidence tending to show a tender some days thereafter. Appellants' main argument is that by the granting of the various extensions of time, the provision in the contract making time of the essence thereof was waived. It is not contended that there was any express waiver of this provision. Appellants' position is un-

tenable. There is nothing in the contract of the parties with reference to the granting of the various extensions of time which savors of any intention to waive the provision that time was of the essence of the contract. The most that can be said of these extensions is that the parties agreed in writing to change the date upon which the purchase price should become due. A written agreement, for a valuable consideration, extending the time within which payments upon such a contract may be made to a definite date, does not operate as a waiver of the provision in the contract making time of the essence thereof. A similar contention was discussed by this court in an early case, in the following language:

"Is it not significant that, after appellants had elected to purchase said two-thirds interest, they should pay the defendants a valuable consideration for extending the time in which to elect to purchase? Is it not also significant that, after electing to purchase the two-thirds interest and to incorporate, they should pay a valuable consideration for time in which to elect to purchase, and not also have the time extended in which to elect to incorporate?—as it was contended in the argument by counsel for appellants that the time had arrived on September 1, 1888, for them to elect whether they would incorporate or not. If time was not of the essence of this contract, and so considered by the appellants, why pay a valuable consideration for an extension of the time, and have it extended to a fixed date?" (*Durant v. Comegys*, 3 Ida. 204, at 214, 28 Pac. 425, 429; *Macholdi v. Farnan*, 14 Ida. 258, 94 Pac. 170; *Prairie Development Co., Ltd., v. Leiberg*, 15 Ida. 379, 98 Pac. 616.)

Since appellants were merely the holders of an option to purchase, under the terms of which time was of the essence thereof, and since they failed to make the payment within the time to which the contract had been definitely extended, their rights under the contract expired (*Smith v. Beebe, supra*), and respondents were under no obligation, either to accept the final payment or to give a deed. The court, therefore, did

not err in granting a nonsuit.   The judgment is affirmed.
Costs are awarded to respondents.

Morgan, C. J., concurs.

Rice, J., did not sit with the court nor participate in the
opinion in this case.